No. 55,141

STATE OF KANSAS, *Appellant*, v. RONALD E. MOURNING, *Appellee*.

(664 P.2d 857)

Opinion filed June 10, 1983.

*Robert T. Stephan*, attorney general, *Clark V. Owens*, district attorney, and *James D. Hall*, assistant district attorney, were on the brief for the appellant.

*Kiehl Rathbun* and *N. Trip Shawver*, of Shawver, Rathbun & Singleton, of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by the State from an order of the Sedgwick County District Court dismissing a complaint charging Ronald E. Mourning (defendant-appellee) with driving under the influence of alcohol or drugs (K.S.A. 8-1567).

On August 6, 1982, the defendant was issued a Uniform Notice to Appear and Complaint by the Sedgwick County Sheriff's Office, charging four traffic offenses: speeding (K.S.A. 8-1338), failure to drive completely within marked lanes (K.S.A. 8-1522[a]), reckless driving (K.S.A. 8-1566) and driving under the influence of alcohol or drugs. The defendant pled guilty to all charges except driving under the influence of alcohol or drugs. A trial date was then set. At trial the defendant moved to dismiss on

the ground he had been convicted of the lesser included offense of reckless driving charged in the same complaint. The trial court sustained the motion, ruling the prosecution for driving under the influence of alcohol or drugs was barred under K.S.A. 21-3108 by the prior conviction for the included offense of reckless driving arising out of the same conduct. The State duly perfected this appeal.

Under the doctrine of double jeopardy a person cannot be put twice in jeopardy for different degrees of the same offense arising out of a single act. Stated another way, the State may not split a single offense into separate parts, and where there is a single wrongful act, such act will not furnish the basis for more than one criminal prosecution. *State v. Hutchison,* 228 Kan. 279, 284, 615 P.2d 138 (1980); *Jarrell v. State,* 212 Kan. 171, 173, 510 P.2d 127 (1973). This principle has been codified in K.S.A. 21-3108(2)(a), as follows:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution . . . was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution . . . ."

Kansas decisions construing this portion of 21-3108 and its predecessor, K.S.A. 62-1449 (Corrick), have held identity of offenses to be an indispensable ingredient of jeopardy. Where one statute describing an offense requires proof of a fact which another statute does not, then one offense is not a bar to the prosecution of the other on the ground of double jeopardy. *State v. Edgington,* 223 Kan. 413, 416, 573 P.2d 1059 (1978); *State v. Pruitt,* 216 Kan. 103, 105, 531 P.2d 860 (1975); *State v. Pierce, et al.,* 205 Kan. 433, Syl. ¶ 3, 469 P.2d 308 (1970); *State v. Anderson,* 172 Kan. 402, Syl. ¶ 4, 241 P.2d 742 (1952). Regarding this provision one commentator wrote:

"A common test of the application of double jeopardy is the substantial identity of the former and subsequent offenses, and this is ordinarily measured by the character and effect of the evidence in each case. If the evidence which will support a conviction in the subsequent prosecution would have supported a conviction of the crime charged or an included offense in the former prosecution, then the second prosecution is substantially identical to the former and a conviction or acquittal in the former is a bar. Thus, one cannot be twice prosecuted for crimes involving the same conduct, unless in each prosecution facts must be proven which are not necessary to the other prosecution." Spring,

*The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108,* 9 Washburn L.J. 179, 185 (1970).

See also 21 Am. Jur. 2d, Criminal Law §§ 266, 279.

It has also been generally recognized that culpable conduct of a defendant, although constituting a single transaction, may result in multiple violations of the criminal code for which the defendant may be severally prosecuted. The prohibition against double jeopardy does not bar prosecutions of multiple violations which arise from one criminal transaction. The prohibition is against multiple prosecutions of the same criminal delinquency. See *State v. Pencek,* 224 Kan. 725, 728, 585 P.2d 1052 (1978), and cases cited therein. As stated in 21 Am. Jur. 2d, Criminal Law § 266:

"It is not a second jeopardy for the same act, but a second jeopardy for the same offense that is prohibited. The question is whether the two offenses are essentially independent and distinct—or whether one offense can be committed without necessarily committing the other."

See also 21 Am. Jur. 2d, Criminal Law § 277.

Another statute for consideration here is K.S.A. 21-3107, outlining the doctrine of lesser included offenses in this state. It provides in part:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (*a*) A lesser degree of the same crime;
"(*b*) An attempt to commit the crime charged;
"(*c*) An attempt to commit a lesser degree of the crime charged; or
"(*d*) A crime necessarily proved if the crime charged were proved."

This statute was construed in *State v. Arnold,* 223 Kan. 715, 716, 576 P.2d 651 (1978), where it was stated:

"Lesser included offenses fall into three categories under our statute. The first is the offense which is merely a lower degree of the offense charged or subparagraph (*a*) under the statute. The second category is the attempt as a lesser included offense or subparagraphs (*b*) and (*c*) under the statute. The third category is the offense which is necessarily committed by the defendant in perpetrating the crime charged or subparagraph (*d*) under the statute. Under this section it is impossible to commit the greater offense without first having committed the lesser offense. The offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be 'identity of elements.' (See Note, 'The Doctrine of Lesser Included Offenses in Kansas,' 15 Washburn L.J. 40, 41-45 [1976].)

"Our court has consistently construed subparagraph (*d*) to mean a lesser included offense must not require proof of *any* element not necessary in the greater crime charged."

Other cases have also used the test set forth above in *Arnold* in determining whether a lesser offense is a lesser included offense under 21-3107(2)(*d*). See *State v. Russell,* 229 Kan. 124, 125-26, 622 P.2d 658 (1981); *State v. Daniels,* 223 Kan. 266, 270, 573 P.2d 607 (1977); *Wisner v. State,* 216 Kan. 523, Syl. ¶ 2, 532 P.2d 1051 (1975); *Jarrell v. State,* 212 Kan. at 175; *State v. Coberly,* 233 Kan. 100, 661 P.2d 383 (1983).

Therefore, it can be said the test is substantially the same to be used in determining whether offenses charged in a complaint or information constitute lesser included offenses and are multiplicitous and the prosecution of one is not barred by a former prosecution of the other.

Does the offense of driving under the influence of alcohol or drugs require proof of an additional element which is not necessary to prove reckless driving, and vice-versa? Under K.S.A. 8-1567(*a*) three things must be established to support a conviction for driving under the influence of alcohol or drugs: (1) that the defendant operated the vehicle; (2) that the defendant was under the influence of alcohol or drugs while operating the vehicle, and (3) that the operation took place within the jurisdiction of the court. See *State v. Reeves,* 233 Kan. 702, 664 P.2d 862 (1983); *State v. Hall,* 1 Kan. App. 2d 730, 731, 573 P.2d 635 (1977). In *Reeves* "under the influence of alcohol" was defined to mean that the defendant's mental or physical function was impaired by the consumption of alcohol to the extent that he was incapable of safely driving a vehicle. 233 Kan. at 704.

K.S.A. 8-1566(*a*) provides:

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

The gist of the proscribed conduct is driving a vehicle in reckless disregard for the safety of others. PIK Crim. 2d § 70.04 defines "reckless" under K.S.A. 8-1566 to mean "driving a vehicle under circumstances that show a realization of the imminence of danger to another person or the property of another where there is reckless disregard or complete indifference and unconcern for the probable consequences of such conduct."

The two offenses require different evidence for a conviction. To violate 8-1567 one needs only to operate a vehicle while his mental or physical capacity to function is impaired by alcohol or drugs to the extent he is no longer capable of safely driving the

vehicle. It is unnecessary to prove, in addition, that the vehicle was driven in a reckless manner, although such driving may constitute circumstantial evidence the driver was under the influence of alcohol or drugs. On the other hand, to obtain a conviction for reckless driving under 8-1566 it is only necessary to establish that the vehicle was driven in willful or wanton disregard for the safety of others; in other words, under circumstances that show a realization of the imminence of danger and a reckless disregard or complete indifference for the probable consequences of such conduct. Proof is not required that the driver was under the influence of alcohol or drugs.

An argument can be advanced that any time a person under the influence of alcohol or drugs operates a vehicle he does so in willful or wanton disregard for the safety of others. Under such reasoning any time a person was guilty of driving under the influence of alcohol or drugs he would also necessarily be guilty of reckless driving and therefore the offense of reckless driving would constitute a "crime necessarily proved if the crime charged were proved." (K.S.A. 21-3107[2][d].) However, it is merely the *driving* of a vehicle while under the influence of alcohol or drugs which is proscribed by 8-1567. One does not need to swerve all over the road or drive through another's yard to be guilty of driving under the influence of alcohol or drugs. While a person under the influence of alcohol may actually drive in a straight line in the proper lane of traffic down the street, although incapable of safely operating the vehicle in accordance with traffic regulations that may be encountered, a person guilty of reckless driving is able to safely control his vehicle but, in willful or wanton disregard for the safety of others, does not do so. It is evident that a person guilty of driving under the influence of alcohol is not necessarily guilty of driving in reckless disregard for the safety of others.

In the instant case the defendant's plea of guilty to the charge of reckless driving would have been insufficient, without more, to support a conviction for driving under the influence of alcohol or drugs. In addition, it established proof of the element of driving in a reckless manner which is not required for a conviction of the latter offense. Each offense required proof of an additional element which the other did not. For these reasons we conclude the offense of reckless driving is not a lesser included

offense of driving under the influence of alcohol or drugs, and conviction of one will not bar a subsequent prosecution for the other arising out of the same transaction.

This holding is in accord with authority from other jurisdictions. In 7A Am. Jur. 2d, Automobiles and Highway Traffic § 389, the general rule is stated:

"The offense of reckless driving is a distinct offense and is established by different evidence that the crime of driving while intoxicated or under the influence of intoxicating liquor, so that a conviction or acquittal of one offense will not bar prosecution for the other."

See also 22 C.J.S., Criminal Law § 295(2), p. 771; *Rea v. Motors Ins. Corporation,* 48 N.M. 9, 14, 144 P.2d 676 (1944); *State v. Sisneros,* 42 N.M. 500, 507, 82 P.2d 274 (1938); *Akron v. Kline,* 165 Ohio St. 322, 59 Ohio Op. 414, 135 N.E.2d 265 (1956); *State v. Amaral,* 109 R.I. 379, 382-83, 285 A.2d 783 (1972); *Usary v. State,* 172 Tenn. 305, Syl. ¶ 10, 112 S.W.2d 7 (1937); *McMillan v. State,* 468 S.W.2d 444, 445 (Tex. Crim. 1971); *Hundley v. Commonwealth,* 193 Va. 449, 451, 69 S.E.2d 336 (1952); *State ex rel. Foley v. Yuse,* 191 Wash. 1, 5, 70 P.2d 797 (1937). *Cf. State v. Johnson,* 273 Minn. 394, 141 N.W.2d 517 (1966).

It must further be determined whether the prosecution for driving under the influence of alcohol or drugs in the present case is otherwise barred by the double jeopardy provisions of 21-3108 or the Kansas Constitution. K.S.A. 21-3108(2)(a) provides that a prosecution is barred if a former prosecution against the defendant:

"Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely . . . ."

This portion of 21-3108(2)(a) has been construed to require the presence of three elements to bar a subsequent prosecution: (1) the prior prosecution must have resulted in a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution, and (3) the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. See *State v. Calderon,* 233 Kan. 87, 89, 661 P.2d 781 (1983); *State v. Mahlandt,* 231 Kan. 665, Syl. ¶ 2, 647 P.2d 1307 (1982). We further

held in *State v. Fisher,* 233 Kan. 29, 35, 661 P.2d 791 (1983), that when a defendant has been convicted on a sufficient information or complaint in a court of competent jurisdiction, either upon a plea of guilty or nolo contendere and the plea has not been withdrawn, the accused has been in jeopardy and is entitled to the protection afforded by our constitution from additional prosecution for *the same* or an *included offense* based upon the same facts. See also 21 Am. Jur. 2d, Criminal Law § 271.

As set forth above the two offenses charged here, reckless driving and driving under the influence of alcohol or drugs, are not the same offense and neither is a lesser included offense of the other. Therefore, the rule enunciated in *Fisher* does not apply to this case.

Of the three elements required to bar a subsequent prosecution under 21-3108(2)(*a*) only the first and third elements are present here. The defendant's plea of guilty to the charge of reckless driving resulted in his conviction. The charge of driving under the influence of alcohol or drugs was actually charged as an additional count in the original complaint, and resulted in a later prosecution on that charge because the defendant plead guilty to the other counts contained in the complaint. The second element, evidence of the present crime introduced in the prior prosecution, is not met here. In *State v. Calderon,* 233 Kan. at 92, this court recognized the admission of evidence at a prior trial is necessary to bring the statute into play. Only the Uniform Complaint and Notice to Appear issued to the defendant charging him with the four traffic offenses was before the district court when the defendant entered his guilty plea. Nothing in the record indicates any evidence was introduced before the court when the pleas were entered.

We conclude the trial court erred in ruling the prosecution for driving under the influence of alcohol or drugs was barred under K.S.A. 21-3108 by the previous conviction for reckless driving arising out of the same conduct.

The decision of the lower court is reversed and the case remanded.