(911 P.2d 1119)
No. 72,629 ■

STATE OF KANSAS, *Appellee*, v. DARREN DEVON SCHULTZ, *Appellant*.

Opinion filed January 5, 1996.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Rodney H. Symmonds*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., KNUDSON, J., AND RON ROGG, District Judge, assigned.

BRAZIL, C.J.: Darren Devon Schultz appeals from the district court's computation of his guidelines sentence. He does not challenge the indeterminate sentence imposed by the court. Specifically, Schultz contends that his prior conviction from Missouri for the burglary of a gas station should have been classified as a nonperson felony for criminal history purposes. We agree and reverse the district court's determination of Schultz' criminal history classification.

The record shows that Schultz was charged in Missouri with burglary in the second degree, in violation of Mo. Rev. Stat. § 569.170 (1994), when he "knowingly entered unlawfully in an inhabitable structure . . . for the purpose of committing the crime of stealing, therein." In a separate count in the information charging Schultz with stealing it was alleged that the building which Schultz unlawfully entered was a Sinclair gas station. Schultz testified at sentencing that he had worked at the gas station prior to the burglary. In describing the burglary, he stated he broke into a storage building adjoining or near the gas station and stole cigarette cartons. He also stated on cross-examination that the building contained no residential structure and no one was living in it. Apparently no one was present in the building at the time of the burglary because Schultz was not charged with burglary in the first degree, Mo. Rev. Stat. § 569.160 (1994). The district court found that the gas station was a dwelling under K.S.A. 1994 Supp. 21-3715 and ruled that the burglary conviction constituted a prior person felony.

K.S.A. 1994 Supp. 21-4711 provides for the criminal history classification of burglary convictions and out-of-state convictions:

"(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.

(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto.

"The facts required to classify prior burglary adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence.

"(e) Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. . . . The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence."

Schultz first argues that because Kansas does not have a crime labelled "Burglary in the Second Degree," Kansas has no comparable offense and therefore his burglary conviction must be classified a nonperson felony pursuant to K.S.A. 1994 Supp. 21-4711(e).

Mo. Rev. Stat. § 569.170.1 states: "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." K.S.A. 1994 Supp. 21-3715 states:

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony. Burglary as described in subsection (c) is a severity level 9, nonperson felony."

Our crime of burglary is comparable to the Missouri crime of burglary in the second degree. Although the two statutes are differently worded, they are similar in nature and cover similar types of criminal conduct.

Next, Schultz argues the court erred in finding the gas station he burglarized to be a "dwelling" as contemplated by K.S.A. 1994 Supp. 21-3715. The State argues the word "inhabit" as used in Mo. Rev. Stat. § 569.170.1 is legally the same as "dwelling" in K.S.A. 1994 Supp. 21-3715.

The crime of second-degree burglary in Missouri applies when the structure involved is "a building or inhabitable structure." Mo. Rev. Stat. § 569.170.1. An "inhabitable structure" is defined in Mo. Rev. Stat. § 569.010(2) (1994), in pertinent part, as "a ship, trailer, sleeping car, airplane, or other vehicle or structure: (a) Where any person lives *or carries on business* or other calling." (Emphasis

added.) In enacting Mo. Rev. Stat. § 569.010(2)(a), the Missouri Legislature intended to protect homes and businesses wherever located. *State v. Liffick*, 815 S.W.2d 132, 134 (Mo. App. 1991). Thus, under the Missouri burglary statute, a gas station would be an "inhabitable structure" because business is carried on there.

In contrast, the Kansas burglary statute distinguishes between structures which are or are not "dwellings." According to K.S.A. 1994 Supp. 21-3110(7), " '[d]welling' means a building or portion thereof, a tent, a vehicle, or other enclosed space *which is used or intended for use as a human habitation, home or residence.*" (Emphasis added.) See also K.S.A. 1994 Supp. 77-201 *Twenty-third* (defining " '[r]esidence' " as a person's "place of habitation and to which, whenever the person is absent, the person has the intention of returning"). From these definitions, it is clear that normally a gas station would not be considered a "dwelling" as contemplated by our legislature absent some proof that the gas station either is used or intended for use as a human habitation, home, or residence.

The State failed to offer any evidence to show that the gas station which Schultz burglarized was used or was intended for use as a human habitation, home, or residence. We find the court erred in determining the gas station constituted a dwelling under K.S.A. 1994 Supp. 21-3715.

We reverse and remand for recomputation of Schultz' guidelines sentence pursuant to K.S.A. 1994 Supp. 21-4724(f). In doing so, we point out that the district court admitted improper evidence by the State to prove Schultz' criminal history. As noted by Schultz' counsel at sentencing, the Missouri court documents must comply with the out-of-state authentication requirements of K.S.A. 60-465 to be admissible. See *State v. Strickland*, 21 Kan. App. 2d 12, 14-15, 900 P.2d 854 (1995).

Reversed and remanded.