No. 81,733

STATE OF KANSAS, *Appellant*, v. CHRISTOHER ROBINSON, *Appellee.*

(987 P.2d 1052)

Opinion filed July 9, 1999.

*Timothy J. Chambers,* county attorney, argued the cause, and *Keith E. Schroeder,* assistant county attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellant.

*Karen A. Eager,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a direct appeal by the State from the dismissal of an information charging reckless aggravated battery under K.S.A. 21-3414(a)(2)(A). The charge arose out of a vehicle collision involving Robinson's drinking and driving. The district court ruled the State's evidence of recklessness was insufficient.

Our jurisdiction is under K.S.A. 22-3602(b)(1) (the State may appeal as a matter of right from an order dismissing a complaint, information, or indictment).

We reverse the district court and hold there was sufficient evidence to bind Robinson over for trial on a charge of reckless aggravated battery.

## FACTS

Robinson was working on Ronald Tarrant's car, a dark blue hatchback, in the early evening hours of the collision. Tarrant testified they both drank two or three beers while working on the car. Just before dark, they decided to go to a bar in Turon where they drank a couple more beers. Tarrant drove. The next stop was a bar in Sylvia. Again, Tarrant drove. Tarrant testified that at the second bar, they "consumed alcohol." When they left the Sylvia bar, it was around 10 p.m. Robinson asked to drive. Tarrant agreed.

With Robinson at the wheel, they headed for Hutchinson, driving north on Thompson Road toward Highway 50. The occupants of a vehicle traveling east toward Hutchinson (Torry Ward, Nathan Scott, and Brian Beal) observed the hatchback. A stop sign controlled entry onto Highway 50 for Thompson Road traffic. Highway 50 is one of the largest highways in Reno County. Robinson ran the stop sign and collided with a car traveling west on Highway 50. Ward did not see the hatchback slow down. Ward's car was going 65 mph. The hatchback was on the right. Scott and Beal also testified the hatchback did not slow down for the stop sign.

Tarrant suffered serious injuries, requiring hospitalization for nearly 2 months.

Robinson's blood alcohol concentration measured .21 some 2 hours after the collision. Robinson was charged with DUI and reckless aggravated battery. At the first preliminary hearing, the battery count was dismissed.

The State then refiled the reckless aggravated battery charge, and a second preliminary hearing was held. Two other witnesses to the collision testified. One stated he smelled alcohol when he went to the aid of the hatchback passengers. Tarrant maintained he had no memory of the moments before the accident. A different district court judge again dismissed the aggravated battery charge for lack of evidence of recklessness.

## DISCUSSION

The State argues there was sufficient evidence of recklessness for Robinson to be bound over for trial on a count of reckless aggravated battery. We agree.

We conduct a de novo review of a district court's probable cause finding. *State v. Martinez*, 255 Kan. 464, 465, 874 P.2d 617 (1994). To prove probable cause, the court must find the evidence is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. *State v. Huser*, 265 Kan. 228, Syl. ¶ 2, 959 P.2d 908 (1998).

The crime at issue here is reckless aggravated battery. K.S.A. 21-3414(a)(2)(A) provides: "(a) Aggravated battery is: . . . (2)(A) recklessly causing great bodily harm to another person or disfigurement of another person."

K.S.A. 22-2902(3) requires that a defendant be bound over if the preliminary hearing evidence shows a felony has been committed and there is probable cause to believe the defendant committed the felony. The single issue for resolution here is whether there was evidence to support the element of recklessness. Recklessness is defined by K.S.A. 21-3201(c):

"Reckless conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code."

### The State's Contentions

The State argues the district court erroneously excluded the consideration of Robinson's intoxication when it found there was no evidence of recklessness. The district judge said:

"So really, it comes down to the question in this case of whether there's probable cause to believe that running the stop sign was reckless conduct. Considering the facts of this case, the Court would find that running the stop sign is not reckless conduct. So based upon that, the Court would find that there is not evidence of reckless conduct in this case . . . ."

The State focuses on Robinson's blood alcohol concentration of .21 (more than twice the legal limit). According to the State, the .21,

combined with the fact that Robinson disregarded a stop sign at a clearly marked intersection, was sufficient to show probable cause of recklessness.

The State relies on *State v. Huser*, 265 Kan. 228. *Huser* involved a drunk driver who hit two pedestrians who were not in a marked crosswalk crossing the street at an angle. *Huser* held that driving while intoxicated is not, by itself, proof of reckless behavior. Because the State "did not introduce any independent evidence of the defendant's recklessness," dismissal of the reckless aggravated battery count was upheld. 265 Kan. at 236. The State here argues that *Huser* does not prevent consideration of evidence of defendant's intoxication; *Huser* says that intoxication cannot be the *sole* evidence of recklessness. Thus, the State reasons that because it introduced evidence of reckless behavior (running a stop sign), Robinson should have been bound over for trial. We agree.

*State v. Lafoe*, 24 Kan. App. 2d 662, 953 P.2d 681, *rev. denied* 263 Kan. 889 (1997), supports the State's reading of *Huser*. *Lafoe* upheld a drunk driver's convictions for DUI, two counts of reckless aggravated battery, and one count of failure to maintain a single lane. Lafoe played poker and drank beer after working a double shift. He then attempted to drive home, crossing the center line and striking an oncoming car. The two occupants of the other vehicle sustained serious injuries. Lafoe argued he should have been charged with misdemeanor instead of felony batteries. In affirming his felony battery convictions, *Lafoe* held that a defendant could be prosecuted under K.S.A. 21-3414(a)(2)(A) where reckless conduct results in great bodily harm. 24 Kan. App. 2d at 665.

Lafoe also argued the DUI and aggravated battery charges were multiplicitous (because the State had to prove his blood alcohol level to establish the reckless element of the aggravated battery charges). In rejecting the multiplicity argument, the court held the State was not required to prove Lafoe's blood alcohol level, or even that he was intoxicated. "The jury could have found that Lafoe was reckless in working a double shift, staying up to play poker, consuming several beers, and then attempting to drive." 24 Kan. App. 2d at 666-67.

### Robinson's Contentions

Robinson argues that the particular circumstances surrounding each case are critical to a finding of recklessness. According to Robinson, the State must show that he "consciously disregarded the stop sign or that he knowingly risked endangering Mr. Tarrant." Robinson distinguishes *Lafoe* on its facts, reasoning there was much more evidence of reckless conduct in *Lafoe* than in this case. Robinson cites *State v. Burrell*, 237 Kan. 303, 699 P.2d 499 (1985), finding recklessness where the defendant ran a stop sign while speeding and after being warned of the approaching stop sign by the passenger of the vehicle.

Robinson also points to testimony by Tarrant, who stated he was comfortable with Robinson's driving and nothing unusual had occurred before the accident. Under the particular facts here, Robinson argues the district court correctly held there was no evidence of reckless behavior. He reasons that the district court correctly concluded that running a stop sign was not reckless conduct.

Robinson mistakes the quantum of proof that is necessary for a defendant to be bound over for trial with the quantum of proof necessary for a conviction. The State does not have to prove recklessness at the preliminary hearing. The State must, however, present some evidence of recklessness to support a charge of reckless aggravated battery under K.S.A. 21-3414(a)(2)(A). See *Huser*, 265 Kan. at 234-35. We have said:

> "There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction." *In re Mortimer*, 192 Kan. 164, 166-67, 386 P.2d 261 (1963).

Our result here is consistent with the holding of *Huser*. In *Huser*, we affirmed the rationale of *State v. Mourning*, 233 Kan. 678, 664 P.2d 857 (1983) (holding the offense of reckless driving is a distinct offense and is established by different evidence than the crime of driving while intoxicated). *Huser* recognized that to bind a defendant over for trial on a charge of reckless aggravated battery, when the only evidence of recklessness was the blood alcohol level, would

run counter to the holding of *Mourning*. We said: "Under *Mourning*, simply driving under the influence does not, standing alone, amount to reckless behavior. One's behavior is only reckless if he or she realizes that his or her conduct creates imminent danger to another person but consciously and unjustifiably disregards the danger." 265 Kan. at 234.

While driving drunk cannot alone stand as probable cause of recklessness, it may, among other factors, be evidence of reckless behavior. See *Lafoe*, 24 Kan. App. 2d at 666-67. The charge in *Huser* was dismissed because "[t]he State did not submit *enough* evidence to support a probable cause finding that the defendant committed reckless aggravated battery by recklessly driving her car." (Emphasis added.) 265 Kan. at 235. The only evidence of recklessness introduced by the State in *Huser* was the driver's blood alcohol level. There was "no evidence of weaving, speeding, or a failure to stop quickly after the accident occurred." 265 Kan. at 234-35.

Here, contrary to the facts in *Huser*, additional evidence of recklessness was introduced. Robinson's on-the-move alcohol consumption continued from early evening into the night. When he left the second bar, he requested the switch from passenger to driver. His blood alcohol level 2 hours after the accident was over twice the legal limit. Robinson ran a stop sign at a major intersection, causing serious injuries to his passenger. The hatchback would have had to turn after the stop sign to reach Hutchinson. We conclude that a person of ordinary prudence and caution could conscientiously entertain a belief that Robinson was reckless under K.S.A. 21-3414(a)(2)(A). Robinson should be bound over. The question should go to a jury.

We reverse and remand to reinstate the complaint.