(230 P.3d 784)
No. 100,785

STATE OF KANSAS, *Appellee*, v. MIGUEL BARAJAS, *Appellant*.

Opinion filed April 22, 2010.

*Christina M. Waugh*, of Kansas Appellate Defender Office, for appellant.

*Ramsey A. Olinger*, legal intern, *Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, for appellee.

Before CAPLINGER, P.J., PIERRON and BUSER, JJ.

CAPLINGER, J.: Miguel Barajas appeals from the sentences imposed following his convictions of aggravated robbery and attempted aggravated robbery. He claims the district court erred in classifying his California conviction for driving under the influence (DUI) causing bodily injury, Cal. Vehicle Code § 23153(b) (West 2000), as a person felony based on a determination that it was comparable to the Kansas offense of aggravated battery, K.S.A. 21-3414.

### FACTUAL AND PROCEDURAL BACKGROUND

We conclude that while Barajas' California's offense of DUI causing bodily injury and Kansas' offense of aggravated battery similarly require bodily injury to another person, the offenses do not cover similar types of conduct and are not comparable offenses. California's offense of DUI causing bodily injury is unlike Kansas' aggravated battery statute because it includes a very specific causation requirement not required to establish aggravated battery, *i.e.*, that the defendant drive while legally intoxicated and concurrently neglect to perform a duty required by law, which failure results in injury to another person. Further, Kansas' aggravated battery statute is unlike California's offense of DUI causing bodily injury because it requires reckless or intentional conduct, while California's offense requires only general negligence.

Because the district court erred in finding the two crimes comparable and in classifying Barajas' California conviction as a person felony, we vacate Barajas' sentences and remand to the district court for resentencing.

Barajas was charged with one count of aggravated robbery in violation of K.S.A. 21-3427, a severity level 3 person felony, in case No. 07CR2397, and with one count of attempted aggravated robbery in violation of K.S.A. 21-3247 and K.S.A. 21-3301, a severity level 5 person felony, in case No. 07CR2415. The two cases, which were based on two separate carjacking incidents occurring the same day, were consolidated on the State's motion.

Barajas pleaded guilty in both cases pursuant to plea agreements with the State. Prior to sentencing, Barajas filed three written objections to his criminal history worksheet, challenging (1) the clas-

sification of his California conviction for DUI causing bodily injury as a person felony, (2) the validity of his California conviction, and (3) the use of his conviction in case No. 07CR2397 as a prior conviction for sentencing in case No. 07CR2415.

The district court conducted several hearings on Barajas' objections. As a result of those hearings, the court sustained Barajas' objection to the use of his conviction in case No. 07CR2397 as a prior conviction for sentencing in case No. 07CR2415, noting that the cases had been consolidated. Further, based on its finding that the California conviction was a valid conviction obtained against Barajas, the district court included the DUI conviction in Barajas' criminal history. Finally, the court determined the California crime of DUI causing bodily injury was comparable to the Kansas crime of aggravated battery and classified the California conviction as a person felony.

Pursuant to the plea agreements, the court granted a durational departure and imposed a sentence of 69 months' imprisonment for the aggravated robbery and a concurrent sentence of 50 months' imprisonment for the attempted aggravated robbery.

## THE DISTRICT COURT ERRED IN CLASSIFYING BARAJAS' OUT-OF-STATE CONVICTION AS A PERSON FELONY

In this appeal of his sentence, Barajas claims the district court erred in classifying his California DUI conviction as a person felony because Kansas has no offense comparable to the California offense of which he was convicted, DUI causing bodily injury. Specifically, Barajas argues that while Kansas' aggravated battery statute proscribes causing bodily injury, it is not comparable to the California offense because it is not as specific regarding causation and because it requires reckless or intentional conduct. Barajas also argues that Kansas' DUI statute is not comparable because it contains no provision requiring bodily injury. Finally, Barajas points out that Kansas' vehicular homicide statute is unlike California's crime of DUI causing bodily injury because the vehicular homicide statute requires that driver cause injury resulting in death.

The State contends the district court properly classified the prior conviction as a person felony because the California crime of DUI

causing bodily injury and the Kansas crimes of battery and reckless aggravated battery are similar in that they seek to protect "innocent people from harm that results from dangerous behavior." Further, the State suggests the statutes cover similar conduct because the "Kansas battery statutes have been used to punish drunk drivers who cause injury to others while intoxicated."

As a preliminary matter, because the district court granted a downward durational departure and imposed a sentence in accordance with the plea agreements, we would normally lack jurisdiction to review Barajas' sentencing appeal. See K.S.A. 21-4721(c)(2). However, because Barajas is challenging the district court's classification of a prior conviction for criminal history purposes, we have appellate jurisdiction. See K.S.A. 21-4721(e)(3).

The determination of an offender's criminal history is governed by provisions of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* See K.S.A. 21-4710; K.S.A. 21-4711. Whether a district court has correctly interpreted and applied the provisions of the KSGA is a question of law subject to de novo review. *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009).

The classification of out-of-state convictions for criminal history purposes is governed by K.S.A. 21-4711(e), which provides in relevant part:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

Thus, to determine whether the district court properly classified Barajas' California conviction of DUI causing bodily injury as a person felony, we must determine whether Kansas has an offense comparable to his California offense.

Although it is unclear from the record, both parties agree that Barajas' DUI conviction is based on a violation of Cal. Vehicle Code § 23153(b), which provides in relevant part:

"(b) It is unlawful for any person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Cal. Veh. Code § 23153(b) (West 2000).

Because Cal. Vehicle Code § 23153(b) proscribes conduct that results in bodily injury to a person other than the driver, the district court's classification of Barajas' DUI conviction as a person felony seems logical. See *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994) (citing the 1994 Kansas Sentencing Guidelines, Desk Reference Manual, p.14, and stating "[d]esignation of a crime as person or nonperson depends upon the nature of the offense. Crimes which inflict, or could inflict, physical or emotional harm to another are generally designated as person crimes. Crimes which inflict, or could inflict, damage to property are generally designated as nonperson crimes").

However, the plain language of K.S.A. 21-4711(e) requires the sentencing court to consider whether Kansas has an offense comparable to the out-of-state crime when determining whether an out-of-state conviction should be classified as a person felony. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003); *State v. Hernandez*, 24 Kan. App. 2d 285, 287, 944 P.2d 188, *rev. denied* 263 Kan. 888 (1997). A comparable offense need not contain elements identical to those of the out-of-state crime, *Vandervort*, 276 Kan. at 179, but must be similar in nature and cover a similar type of criminal conduct. *State v. Schultz*, 22 Kan. App. 2d 60, 62, 911 P.2d 1119 (1996). If Kansas has no comparable offense, the sentencing court must classify the out-of-state conviction as a nonperson felony. K.S.A. 21-4711(e).

*Comparison of Out-of-State Conviction to Kansas Crime of Aggravated Battery*

Here, the district court found California's felony of DUI causing bodily injury comparable to the Kansas crime of aggravated battery. Aggravated battery is defined in K.S.A. 21-3414 as any of the following:

"(1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or

"(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

"(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

"(2)(A) recklessly causing great bodily harm to another person or disfigurement of another person; or

"(B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

To determine whether the district court correctly concluded that aggravated battery is a comparable offense, *i.e.*, whether it is similar in nature and covers similar conduct as Cal. Vehicle Code § 23153(b), we must compare the elements of each statute, keeping in mind that the elements need not be identical. See, *e.g.*, *Vandervort*, 276 Kan. at 178-79 (comparing Virginia and Kansas statutes); *Schultz*, 22 Kan. App. 2d at 62-63 (comparing elements of Kansas and Missouri burglary statutes); *State v. LaGrange*, 21 Kan. App. 2d 477, 481-82, 901 P.2d 44, *rev. denied* 258 Kan. 861 (1995) (comparing elements of Colorado assault conviction to elements of K.S.A. 21-3412).

In California, the elements of felony DUI are (1) driving a vehicle while having a blood alcohol level of .08 or above, (2) concurrently committing some act which violates the law or neglecting to perform a duty required by law, and (3) as a proximate result of such violation of law or failure to perform a duty, causing injury to another person. *People v. Weems*, 54 Cal. App. 4th 854, 858, 62 Cal. Rptr. 2d 903(1997); Cal. Veh. Code § 23153(b). To establish the second element, the State must present evidence of an unlawful act or neglect of duty beyond the act of driving with a blood alcohol level of .08 or above; however, the unlawful act or omission " 'need not relate to any specific section of the Vehicle Code, but instead may be satisfied by the defendant's ordinary negligence. [Citations omitted.]' " *Weems*, 54 Cal. App. 4th at 858.

In Kansas, the elements of aggravated battery vary depending on the level of harm to the victim and the level of intent of the defendant. For example, to establish reckless aggravated battery the State must prove the defendant (1) recklessly, (2) caused great bodily harm or disfigurement to another person. K.S.A. 21-3414(a)(2)(A). Or, the State must prove the defendant (1) recklessly, (2) caused bodily harm to another person, (3) with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death could be inflicted. K.S.A. 21-3414(a)(2)(B). "Reckless conduct" is defined as "conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger." K.S.A. 21-3201(c). The terms "gross negligence," "wanton negligence," and "culpable negligence" are also included in the definition of reckless conduct. K.S.A. 21-3201(c).

The California crime of DUI causing bodily injury and the Kansas crime of aggravated battery are dissimilar in nature. The California crime is included in Chapter 12, Article 2 of the Vehicle Code along with other traffic offenses involving alcohol and drugs. See Cal. Vehicle Code § 23152 *et seq.* Essentially, a conviction in California of DUI causing bodily injury to another under § 23153(b) elevates a misdemeanor DUI to a felony DUI. *Weems,* 54 Cal. App. 4th at 858. Thus, the nature of the crime is to combat drunk driving and to impose harsher punishment on drunk drivers who harm others. In contrast, the crime of aggravated battery in Kansas is found in Chapter 21, Article 34 of Criminal Code along with other crimes against persons. See K.S.A. 21-3401 *et seq.* Thus, the nature of the crime is to combat crimes against persons, in general, and to punish those who harm others through reckless or intentional acts.

Additionally, the offenses do not cover similar types of criminal conduct. As Barajas points out, unlike K.S.A. 21-3412 or K.S.A. 21-3414, Cal. Vehicle Code § 23153(b) does not require proof of reckless or intentional conduct. Instead, the elements of felony DUI are satisfied if the State presents evidence of a specific blood alcohol level, evidence of ordinary negligence, and evidence that the defendant's negligence proximately caused injury to a person other

than the driver. *Weems*, 54 Cal. App. 4th at 858; Cal. Veh. Code § 23153(b).

In contrast, K.S.A. 21-3412 (misdemeanor battery) and K.S.A. 21-3414 (aggravated battery) both proscribe reckless or intentional conduct that results in physical contact, bodily harm, or great bodily harm. Although reckless conduct includes "gross negligence," "wanton negligence," and "culpable negligence," it requires something more than ordinary negligence. Further, Kansas' battery statutes do not specifically require that the harm result from driving a vehicle while under the influence of alcohol or driving with a specific blood alcohol level.

Nevertheless, as the State points out, Kansas' aggravated battery statute has been applied to factual situations in which an intoxicated driver causes bodily harm to another. See, *e.g.*, *State v. Huser*, 265 Kan. 228, 232, 959 P.2d 908 (1998); *State v. Lafoe*, 24 Kan. App. 2d 662, 663, 953 P.2d 681, *rev. denied* 263 Kan. 889 (1997).

In *Huser*, the defendant struck two pedestrians while driving under the influence. *Huser*, 265 Kan. at 229. In affirming the trial court's dismissal of two counts of reckless aggravated battery, the *Huser* court explained that the State failed to present evidence of an essential element of reckless aggravated battery, *i.e.*, reckless conduct. 265 Kan. at 232-37. Even though *Huser* did not involve classification of an out-of-state conviction, the court's reasoning provides guidance in the case before us.

The State argued in *Huser* that following the 1993 repeal of Kansas' vehicular battery statute, K.S.A. 21-3405b, and simultaneous amendments to the Kansas battery statutes, drunk drivers who caused bodily injury could be convicted of reckless aggravated battery absent a showing of any reckless conduct beyond driving under the influence. *Huser*, 265 Kan. at 235-37. In rejecting the State's argument, the *Huser* court explained:

"When the vehicular battery statute was in effect, it punished a defendant for unintentionally causing bodily harm to another while driving under the influence, or driving recklessly, or eluding an officer. It treated each of these types of driving as a different method to prove vehicular battery. It did not equate driving under the influence with reckless driving.

"When the vehicular battery statute was repealed, the legislature enacted the misdemeanor battery statute and the aggravated battery statute to include reckless acts, not just intentional acts. *Thus, unintentionally causing bodily harm to another by driving a car recklessly is now punishable under the aggravated battery statute.* However, this statute continues to use the term reckless in the same manner in which it has been used previously—a realization of imminent danger to another person *and* a conscious and unjustifiable disregard of that danger. K.S.A. 21-3201(c). As such, driving under the influence of alcohol does not equal driving recklessly, without additional evidence of reckless conduct. It can be argued that merely driving under the influence of alcohol amounts to reckless behavior because one should realize the imminent danger that driving in an impaired condition places another person in. However, in [*State v.*] *Mourning*, [233 Kan. 678, 664 P.2d 857 (1983)] this court specifically rejected that argument. . . .

"When the legislature repealed the vehicular battery statute in 1993, it knew that reckless driving did not equate to DUI because the *Mourning* case had been decided in 1983. Thus, the legislature knew that if it repealed a criminal statute which punished a defendant who caused bodily injury to a victim while driving under the influence of alcohol, this criminal act would not be covered by a statute which punishes recklessness without independent evidence that the drunk driver also drove recklessly." (Emphasis added.) *Huser*, 265 Kan. at 236-37.

Thus, as the court explained in *Huser*, a drunk driver who unintentionally causes bodily harm or great bodily harm can be charged with aggravated battery under K.S.A. 21-3414. However, the State is required to establish evidence of reckless conduct beyond simply driving under the influence of alcohol. *Huser*, 265 Kan. at 236-37. See also *State v. Robinson*, 267 Kan. 734, 739, 987 P.2d 1052 (1999) (noting that "[w]hile driving drunk cannot alone stand as probable cause of recklessness, it may, among other factors, be evidence of reckless behavior"); *Lafoe*, 24 Kan. App. 2d at 663-67 (affirming reckless aggravated battery convictions where defendant worked a double shift, consumed several beers before driving home, crossed the centerline, collided with another car injuring both occupants, and had a blood alcohol level of .172).

Simply stated, the only conduct proscribed by both Kansas' battery statutes and Cal. Vehicle Code § 23153(b) is causing harm to another person. K.S.A. 21-3412 and K.S.A. 21-3414 require that the harm result from reckless or intentional conduct. In contrast, Cal. Vehicle Code § 23153(b) requires that the harm result from driving with a blood alcohol level of .08 or above and an act or

omission that constitutes ordinary negligence. Thus, the two crimes do not proscribe similar types of conduct.

In conclusion, we hold that while Cal. Vehicle Code § 23153(b) and K.S.A. 21-3412 and 21-3414 all contain provisions regarding bodily injury, the offenses are not similar in nature and do not cover similar types of conduct. The single similar element required by both the crimes, *i.e.*, causing bodily injury to another, is insufficient to make them comparable offenses. Thus, the district court erred in finding Barajas' California offense was comparable to the offense of aggravated battery in Kansas.

*Comparison to Other Kansas Offenses*

Nor is California's offense of DUI causing bodily injury comparable to any other Kansas offense. As Barajas points out, although Kansas statutes proscribing DUI prohibit operating or attempting to operate a vehicle with a blood alcohol level of .08 or above, see, *e.g.*, K.S.A. 2008 Supp. 8-1567, they are not comparable to Cal. Vehicle Code § 23153(b) because they contain no provision requiring an intoxicated driver to cause bodily injury. Instead, a misdemeanor DUI in Kansas is elevated to a nonperson felony DUI when a drunk driver receives his or her third or subsequent conviction. K.S.A. 2008 Supp. 8-1567(f) and (g).

Finally, Kansas' vehicular homicide statute, K.S.A. 21-3405, also is not comparable to Cal. Vehicle Code § 23153(b). While K.S.A. 21-3405 proscribes a similar type of conduct as California's offense of DUI causing bodily injury, *i.e.*, operating a vehicle in a matter that deviates from a reasonable standard of care—K.S.A. 21-3405 is distinct in that it requires an unintentional killing.

Because Barajas' California conviction is not comparable to any Kansas offense, the district court erred in classifying his prior out-of-state conviction as a person felony. As a result of this error, Barajas' criminal history score was classified as D rather than G.

Accordingly, we vacate Barajas' sentences and remand for resentencing with a corrected criminal history score of G.

### The Sentence Imposed Did Not Violate Defendant's Constitutional Rights

Finally, Barajas claims the district court violated his due process rights as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466, 490,

147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), when it used his criminal history score to calculate his sentences without requiring the State to prove the facts of his prior convictions beyond a reasonable doubt. Barajas acknowledges that his claim was rejected in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but argues that more recent United States Supreme Court decisions have called *Ivory* into doubt.

We are duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007). Our Supreme Court has repeatedly reaffirmed its holding in *Ivory*, even in light of the more recent United States Supreme Court decisions cited by Barajas. See, *e.g.*, *State v. McReynolds*, 288 Kan. 318, 332, 202 P.3d 658 (2009); *State v. Brinklow*, 288 Kan. 39, 54-55, 200 P.3d 1225 (2009). Accordingly, Barajas' second claim fails.

Sentences vacated and remanded for resentencing.