(330 P.3d 1120)
No. 109,650

STATE OF KANSAS, *Appellee*, v. GEORGE RIOLO, *Appellant*.

Opinion filed May 23, 2014.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: When a person is convicted of a sexually violent crime and he or she has a prior Kansas conviction for a sexually violent crime or a conviction for a comparable offense in another state, the court is required to double the person's prison sentence. This rule is known as the persistent sex offender rule. See K.S.A. 21-4704(j). George Riolo pled guilty to two different charges, both of which constituted sexually violent offenses under Kansas law. The State asserted that, due to a prior conviction in another state for a comparable crime, this special sentencing rule should apply. Riolo countered that this prior conviction—a Colo-

rado offense from 1986—was not comparable to other sexually vi-
olent crimes in Kansas and that the persistent sex offender rule
should not apply. The district court disagreed and applied the rule.
Because we find that Riolo's crime of conviction in Colorado was
comparable to the Kansas sexually violent crime of indecent lib-
erties with a child, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to an agreement with the State, Riolo pled guilty to
one count of aggravated indecent liberties with a child in violation
of K.S.A. 21-3504(a)(2)(A) and two counts of aggravated indecent
solicitation of a child in violation of K.S.A. 21-3511(a). Riolo's plea
acknowledgment and plea agreement each noted that the "double
rule"—the sentencing rule for persistent sex offenders, K.S.A. 21-
4704(j)—may apply to Riolo's sentence. This special rule was ap-
plicable due to Riolo's 1986 conviction in Colorado for sexual as-
sault on a child.

Prior to sentencing, Riolo filed a motion and objected to the
district court applying the persistent sex offender rule. Riolo ar-
gued that the Colorado offense in question, sexual assault on a
child, was too dissimilar to any of the sexually violent offenses in
Kansas for the special rule to apply.

The district court heard arguments on the motion immediately
prior to sentencing Riolo. The State informed the district court
that, according to court records from Colorado, the victim in that
case was 7 years old. However, the specific facts underlying the
conviction were not provided. The district court examined the two
statutes and found that the language of the Colorado statute was
"virtually identical or similar in meaning" to indecent or aggravated
indecent liberties with a child in Kansas. Because the Colorado
offense was comparable to one in Kansas, the district court denied
Riolo's motion and applied the special rule at sentencing resulting
in a controlling term of 172 months' imprisonment.

## ANALYSIS

On appeal, Riolo renews the argument he relied upon before
the district court and contends that the Colorado statute under

which he was convicted in 1986 is too dissimilar to our Kansas statutes for the persistent sex offender rule to apply. Because this is an issue of statutory interpretation, this court exercises unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

The sentencing statute at issue provides that a persistent sex offender's sentence "shall be double the maximum duration of the presumptive imprisonment term." K.S.A. 21-4704(j)(1). The statute defines a persistent sex offender to be an individual who is convicted of a sexually violent crime or rape and who, at the time of conviction, has at least one previous conviction for a sexually violent crime or rape. K.S.A. 21-4704(j)(2). Concerning that previous conviction, the statute explains that the conviction must be "for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state *or comparable felony under the laws of another state*, the federal government or a foreign government." (Emphasis added.) K.S.A. 21-4704(j)(2). At the time of Riolo's conviction, the statute defining sexually violent crimes included indecent and aggravated indecent liberties with a child, indecent and aggravated indecent solicitation of a child, sexual exploitation of a child, aggravated sexual battery, and others. K.S.A. 22-3717(d)(2).

Riolo contends that the offense for which he was convicted, found at Colo. Rev. Stat. § 18-3-405 (1986), is not comparable to any listed in K.S.A. 22-3717. When discussing the classification of out-of-state offenses for criminal history purposes, our Kansas courts have repeatedly held that "[a] comparable offense need not contain elements identical to those of the out-of-state crime." *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010). Instead, the two offenses must be "similar in nature and cover a similar type of criminal conduct." 43 Kan. App. 2d at 643. However, there is limited precedent regarding the comparison of offenses for the purposes of the persistent sex offender rule. We will review the few cases that address the issue.

In *State v. Chesbro*, 35 Kan. App. 2d 662, 134 P.3d 1, *rev. denied* 282 Kan. 792 (2006), the defendant challenged whether the Nebraska sexual assault statute under which he had previously been convicted constituted a sexually violent offense under Kansas law.

After examining the Nebraska statute and our statutes, this court determined that "there are no conceivable facts constituting attempted sexual assault in the first degree under the Nebraska statute, which would not also constitute the commission of an attempted sexually violent offense" under our Kansas statutes. 35 Kan. App. 2d at 678. This court held similarly in *State v. Barber*, No. 102,357, 2010 WL 3636272 (Kan. App.) (unpublished opinion), *rev. denied* 291 Kan. 913 (2010). Although the Arkansas rape statute in *Barber* differed from our Kansas rape statute, those behaviors not barred by our rape statute were barred by other statutes—and all those offenses were sexually violent ones. 2010 WL 3636272, at *2. And in *State v. Headgepath*, No. 94,341, 2006 WL 3740844, at *3 (Kan. App. 2006) (unpublished opinion), *rev. denied* 284 Kan. 948 (2007), this court noted that, in absence of the defendant furnishing a more complete record, it could only find error if, as a matter of law, the two offenses were never comparable.

The Colorado statute at issue in this case provides: "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Colo. Rev. Stat. § 18-3-405(1) (1986). Sexual contact is defined as

"the knowingly touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse." Colo. Rev. Stat. § 18-3-401(4) (1986).

The term "intimate parts" is further defined as "the external genitalia or the perineum or the anus or the pubes of any person or the breast of a female person." Colo. Rev. Stat. § 18-3-401(2) (1986).

Both parties, as well as the district court, appear to agree that the most similar of our Kansas offenses is indecent liberties with a child, found at the time in K.S.A. 1985 Supp. 21-3503. That statute reads:

"Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:

(a) Sexual intercourse; or

(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both." K.S.A. 1985 Supp. 21-3503(1).

Riolo draws attention to two major differences between these offenses: (1) the dichotomy between the *sexual contact* in Colorado and the *lewd fondling* in Kansas; and (2) the inclusion of *touching for the purposes of abuse* in the Colorado definition of sexual contact.

Our Kansas Supreme Court parsed the *lewd fondling or touching* language in our indecent liberties statutes not long ago, explaining that "whether a touching is lewd should be determined by considering the common meaning of the term 'lewd,' that is whether a touching is 'sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; indecent, obscene, or salacious.'" *State v. Ta*, 296 Kan. 230, 242-43, 290 P.3d 652 (2012). Our Supreme Court further noted that "a factfinder should consider whether the touching 'tends to undermine the morals of a child [and] . . . is so clearly offensive as to outrage the moral senses of a reasonable person.'" 296 Kan. at 243.

The question here, then, is whether *sexual contact* under the Colorado statute fits the foregoing definition. We believe it does. Under the law, sexual assault of a child involves either the perpetrator touching the child's genitalia or the clothes over the child's genitalia, or the child doing the same to the perpetrator. See Colo. Rev. Stat. § 18-3-401(4) (1986); Colo. Rev. Stat. § 18-3-405(1) (1986). Either way, a reasonable person would likely be outraged by this behavior and find it indecent, obscene, or salacious. It cannot be fairly said that this sort of contact falls outside our Supreme Court's definition of *lewd touching*. As such, the type of contact described and prohibited by each statute is comparable.

Turning now to the *touching for the purposes of abuse* language present in the Colorado statute, Riolo argues that our Kansas law lacks this particular alternative. See K.S.A. 1985 Supp. 21-3503(1)(b). Instead, our statute focuses on the other two purposes listed in the Colorado statute: sexual arousal and sexual gratification

or satisfaction. See K.S.A. 1985 Supp. 21-3503(1)(b); Colo. Rev. Stat. § 18-3-401(4) (1986).

But when read in context, it is clear that the *touching for the purposes of abuse* language means touching for the purposes of sexual abuse, not abuse in general. Like Kansas, Colorado has a general child abuse statute. Colo. Rev. Stat. § 18-6-401 (1986) provides that "[a] person commits child abuse if he causes an injury to a child's life or health . . . ." The statute at issue here, on the other hand, prevents *sexual* contact with a child. In fact, the statute is titled "Sexual Assault on a Child." Colo. Rev. Stat. § 18-3-405 (1986). The definition for "sexual contact" appears in a definition section under a broader part of the statute entitled "Unlawful Sexual Behavior." Colo. Rev. Stat. § 18-3 Part 4 (1986). Accordingly, the term "sexual" that precedes "arousal, gratification, or abuse" clearly applies to all three. In other words, the statute refers to sexual arousal, sexual gratification, or sexual abuse. In dealing with a similar issue—namely, whether the Colorado statute at issue here qualified as a crime of violence under federal law—the 10th Circuit Court of Appeals found that that Colo. Rev. Stat. § 18-3-405(1) criminalizes only activity that qualifies as *sexual* abuse of a minor and therefore qualifies as a crime of violence under federal law. *United States v. De La Cruz-Garcia*, 590 F.3d 1157, 1161 (2010). The 10th Circuit went on to find that engaging in sexual touching of a minor necessarily results in abuse or harm. 591 F.3d at 1160-61. Accordingly, we cannot conceive of any facts constituting sexual assault on a child under the Colorado statute that would not also constitute the commission of indecent liberties with a child, a sexually violent offense, under our Kansas statutes.

Riolo does not allege that the facts underlying his Colorado conviction do not also fall under the Kansas statute, but even if there were some remote set of facts that distinguish the two statutes, the lynchpin is not whether every conceivable set of facts would result in convictions under both statutes but whether they are similar in their nature and in the conduct they attempt to prevent. See *Barajas*, 43 Kan. App. 2d at 643. This court has previously upheld district court determinations of comparable offenses in a criminal history context even when the out-of-state statute encompassed

some acts not necessarily encompassed by the Kansas statute. See *State v. Scott*, No. 107,251, 2013 WL 5507281, at \*6-7 (Kan. App. 2013) (unpublished opinion) (federal statute regarding use of a firearm which included brandishing and discharging the weapon was sufficiently similar to Kansas statute regarding aggravated assault), *rev. denied* 300 Kan. 1107 (2014); *State v. LaFave*, No. 105,709, 2012 WL 1919981, at \*2-3 (Kan. App. 2012) (unpublished opinion) (Colorado statute prohibited specific types of contact " 'with intent to harass, annoy, or alarm' " while Kansas statute prohibited any touch " 'done in a rude, insulting or angry manner' "); *State v. Maudlin*, No. 104,062, 2011 WL 5143041, at \*2-3 (Kan. App. 2011) (unpublished opinion) (Missouri statute required either criminal negligence or recklessness while Kansas statute required only recklessness). Here, the two statutes are more similar than they are different. Despite employing different language, both offenses aim to prohibit the same general type of conduct—sexual contact between children and adults. The facts constituting sexual assault of a child in Colorado will constitute indecent liberties with a child in Kansas. Any small difference in the statutes' language does not render the offenses incomparable as a matter of law. As such, we affirm the district court's decision.

Affirmed.