NOT DESIGNATED FOR PUBLICATION

No. 117,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JON KEITH KELLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed March 16, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Shawn Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Jon Keith Kelley was convicted on his plea to two counts of felony theft. According to a presentence investigation report (PSI), Kelley's criminal history included a 2012 Missouri conviction for "Resisting Arrest by Fleeing—Creating a Substantial Risk of Injury/Death to Any Person." The district court classified the Missouri conviction as a person felony for purposes of Kansas sentencing.

Kelley argues on appeal that his Missouri conviction should have been classified as a nonperson felony, resulting in a shorter sentence. We find the district court correctly

1

classified Kelley's Missouri conviction as a person felony, and we affirm the judgment and sentence.

*Factual and Procedural Background*

In September 2016, Kelley pled guilty to two counts of felony theft, a severity level 9 nonperson felony. According to the PSI, Kelley's criminal history included a 2012 Missouri person felony conviction for Resisting Arrest by Fleeing—Creating a Substantial Risk of Injury/Death to Any Person. The only information in the record that pertains to Kelley's Missouri conviction is found in the PSI. Based on the report, the district court determined Kelley had a criminal history score of C.

At sentencing, Kelley did not object to his criminal history score, and he confirmed that the convictions reflected in the PSI were accurate. The court sentenced Kelley to 18 months' imprisonment, followed by 12 months of postrelease supervision.

*The district court did not err when it classified Kelley's prior Missouri conviction for fleeing as a person felony.*

In his sole issue on appeal, Kelley argues that the district court incorrectly calculated his criminal history score because his 2012 Missouri conviction for Resisting Arrest by Fleeing—Creating a Substantial Risk of Injury/Death to Any Person under Missouri Revised Statutes (Mo. Rev. Stat.) § 575.150 (2012) should have been classified as a nonperson felony instead of a person felony.

Kelley challenges the calculation of his criminal history score for the first time on appeal. At sentencing, Kelley stipulated to the accuracy of his criminal history as reflected in his PSI and did not object to his criminal history score based on the PSI.

2

Although defendants are generally prohibited from raising issues for the first time on appeal, a defendant may challenge an illegal sentence at any time. K.S.A. 22-3504(1). Challenges to illegal sentences include challenges to a defendant's criminal history score. A defendant's sentence hinges on the defendant's criminal history, so if the criminal history score is wrong, then the sentence does not comply with Kansas' sentencing statutes and is illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015); *State v. Moore*, 52 Kan. App. 2d 799, 802-03, 377 P.3d 1162 (2016). Accordingly, Kelley is not barred from challenging his criminal history score for the first time on appeal.

Whether a defendant's criminal history score was correctly calculated is a question of law since it requires the interpretation of Kansas' sentencing statutes. This court reviews questions of law independently, without any required deference to the district court's interpretation. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

This court follows a two-step process when evaluating prior convictions for the purposes of calculating a defendant's criminal history score. The first step is to determine whether the underlying crime for a prior conviction should be classified as a felony or a misdemeanor. K.S.A. 2017 Supp. 21-6811(e)(2). This is done by determining how the convicting state—in this case, Missouri—classifies the crime. K.S.A. 2017 Supp. 21-6811(e)(2). Here, both sides agree that Kelley's 2012 conviction for resisting arrest was a felony under Mo. Rev. Stat. § 575.150 (2012).

The second step is for this court to classify the out-of-state conviction as either a person or a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3). To make the classification, this court must compare the out-of-state conviction statute with the comparable Kansas statute in effect when the current crime of conviction was committed. K.S.A. 2017 Supp. 21-6811(e)(3); see also *Keel*, 302 Kan. at 581.

Neither party disputes that Kelley was convicted under Mo. Rev. Stat. § 575.150 (2012). The relevant parts of that statute state:

"1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

"(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer;

….

"3. A person is presumed to be fleeing a vehicle stop if that person continues to operate a motor vehicle after that person has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing that person.

….

"5. Resisting or interfering with an arrest is a class D felony for an arrest for a:

"(1) Felony;

….

"Resisting an arrest, detention or stop by fleeing *in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony*; otherwise, resisting or interfering with an arrest, detention or stop in violation of subdivision (1) or (2) of subsection 1 of this section is a class A misdemeanor." (Emphasis added.) Mo. Rev. Stat. § 575.150 (2012).

The basic elements for a conviction under Mo. Rev. Stat. § 575.150 (2012) are: (1) the defendant knew that a law enforcement officer was making an arrest or a stop of a person or vehicle; (2) the defendant resisted the arrest or stop by using, or threatening to use, violence or physical force or by fleeing from the officer; and (3) the defendant did so with the purpose of preventing the officer from completing the arrest or stop. *State v. Jones*, 479 S.W.3d 100, 109 (Mo. 2016). For a conviction under this provision to be

4

elevated to a felony, the defendant must have also: (1) attempted to flee arrest for a felony; or (2) attempted to flee arrest in such a way that he created "a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.5 (2012).

Two unpublished opinions of this court persuasively establish that the most comparable Kansas statute is K.S.A. 2017 Supp. 8-1568(b). See *State v. Waid*, No. 112,559, 2016 WL 938111, at *7 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1330 (2017); *State v. Morris*, No. 106,734, 2012 WL 5519181, at *5 (Kan. App. 2012) (unpublished opinion). K.S.A. 2017 Supp. 8-1568(b) prohibits fleeing or attempting to elude a police officer and states:

> "Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or
>
> > (2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2)."

A person convicted under K.S.A. 2017 Supp. 8-1568(b) is guilty of a severity level 9 person felony. K.S.A. 2017 Supp. 8-1568(c)(2). For a conviction under K.S.A. 2017 Supp. 8-1568, the State must prove: (1) the defendant was driving a motor vehicle; (2) the defendant was given a visual or audible signal by a police officer to bring the motor vehicle to a stop; (3) the defendant intentionally failed or refused to stop or otherwise fled or attempted to elude a pursuing police vehicle; and (4) the police officer's vehicle, from which the signal to stop was given, was appropriately marked showing it to be an official police vehicle, or the police officer giving the signal was in uniform and prominently displaying his badge. See PIK Crim. 4th 66.110 (2013 Supp.). To elevate the

crime to a felony, the State must also prove the defendant failed to stop at a police road block, was involved in a motor vehicle accident, intentionally caused damage to property, drove around a tire deflating device placed by a police officer, engaged in reckless driving, committed five or more moving violations, or attempted to elude capture for any felony. See PIK Crim. 4th 66.110; *State v. Ford*, No. 112,877, 2016 WL 2610259, at *4-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2017).

Kelley's argument is that Mo. Rev. Stat. § 575.150 (2012) is broader than K.S.A. 2017 Supp. 8-1568, so the two statutes are not comparable for the purpose of determining whether his Missouri conviction for resisting arrest was a person or nonperson felony. To support his position, Kelley points out that the Missouri offense does not require the defendant be the driver of a motor vehicle and does not require the additional elements that Kansas requires under K.S.A. 2017 Supp. 8-1568(b).

But just because the Missouri and Kansas statutes are not identical does not mean they are not comparable—the two statutes will be considered comparable if they cover similar criminal conduct. See *State v. Williams*, 299 Kan. 870, 873-74, 326 P.3d 1070 (2014); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled on other grounds by Dickey*, 301 Kan. 1018; *State v. Riolo*, 50 Kan. App. 2d 351, 356, 330 P.3d 1120 (2014). That requirement is met here. Despite their differences, the Missouri and Kansas statutes both criminalize the same core conduct. If a driver consciously interferes with or ignores a law enforcement officer's efforts to perform a vehicle stop or arrest, and does so while driving in a way that puts other people at risk, that person would be guilty under both the Missouri and Kansas statutes. See *State v. Roper*, No. 102,764, 2011 WL 588491, at *4 (Kan. App. 2011) (unpublished opinion).

Kelley was convicted of a felony under Mo. Rev. Stat. § 575.150 (2012), and such conviction happens only if the defendant also committed at least one of two aggravating factors:  (1) resisting arrest for a felony; or (2) creating a substantial risk of serious injury

6

or death to another person while fleeing. Kelley's PSI plainly establishes that he satisfied the second aggravating factor. K.S.A. 2017 Supp. 8-1568(b) encompasses similar conduct and a conviction under that statute is a person felony.

The Kansas district court would not need to make any independent evidentiary finding or require any additional information to reach the conclusion that Kelley's conviction should be classified as a person felony in Kansas. The district court did not err in making such classification resulting in Kelley having a criminal history score of C and sentencing Kelley accordingly.

Affirmed.