NOT DESIGNATED FOR PUBLICATION

No. 116,881

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN KAUER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Republic District Court; KIM W. CUDNEY, judge. Opinion filed March 16, 2018.
Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Marlea J. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: In 2016, Justin Kauer pleaded no contest to two counts of sexual exploitation of a child. A presentence-investigation report showed that Kauer had a 1996 Colorado juvenile conviction for sexual assault of a child, which the district court classified as a person felony. As a result, the court calculated Kauer's criminal-history score as a D and gave Kauer a 55-month sentence based on this score and the severity of his current offenses. Kauer now appeals this sentence, making two arguments.

First, Kauer claims that the court shouldn't have counted his Colorado conviction at all. A Kansas statute, K.S.A. 21-6810, tells us that the court should not count some

crimes in a defendant's criminal-history score—in other words, the conviction "decays" after a certain time and is no longer counted. But at the time of Kauer's current offenses in 2014, Kansas law provided that convictions like his didn't decay. While the legislature amended the decay provisions of K.S.A. 21-6810 in 2016—and Kauer argues that these amendments apply retroactively to his case—our court has held in several cases that those amendments do not apply when sentencing defendants for offenses committed before the statutory change went into effect. So the district court correctly considered Kauer's juvenile conviction when calculating his criminal-history score.

Second, he says the district court should have classified his Colorado conviction as a nonperson offense. When classifying an out-of-state conviction as a person or nonperson offense, the district court compares the out-of-state offense to a comparable one in Kansas. If there's no comparable Kansas offense, the out-of-state offense is categorized as nonperson. Kauer argues that "comparable" means "identical"—in other words, his Colorado offense isn't comparable to any Kansas crime because its elements aren't identical to the elements of a Kansas offense. But statutes need not be identical— they need only be comparable. *State v. Fahnert*, 54 Kan. App. 2d 45, Syl. ¶ 2, 396 P.3d 723 (2017). Colorado's statute criminalizing sexual assault of a child is comparable to Kansas' person offense of indecent liberties with a child—both statutes criminalize sexual touching between children and adults. And common sense tells us that a conviction for sexual assault against a child is a person offense. So the district court correctly categorized Kauer's Colorado conviction as a person offense.

ANALYSIS

With that overview, we turn to a more in-depth discussion of Kauer's appeal. He pleaded no contest in July 2016 to two counts of sexual exploitation of a child based on conduct that took place in October 2014. Most criminal sentences in Kansas are based on sentencing guidelines, and a defendant's presumptive sentence is greater if he or she has

2

committed one or more past crimes against a person. According to the presentence-investigation report in Kauer's case, he had a 1996 Colorado juvenile conviction for sexual assault on a child. Based on that juvenile conviction, the parties agreed that Kauer's criminal-history score was D. The district court gave Kauer a guidelines sentence of 55 months in prison, followed by lifetime-postrelease supervision.

Kauer then appealed to our court. He claims that the district court shouldn't have considered the Colorado conviction at all and that, if that conviction is to be considered, it should be treated as a conviction for a nonperson offense.

Kauer timely appeals, arguing that the district court incorrectly calculated his criminal-history score. Both issues Kauer raises present questions of statutory interpretation, which we review independently, with no required deference to the district court. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

I. *The District Court Didn't Err by Finding That Kauer's 1996 Colorado Conviction Had Not Decayed.*

Kauer first argues that his 1996 Colorado conviction for sexual assault of a child shouldn't have been included in his criminal history at all. Under K.S.A. 21-6810, once a defendant reaches age 25, some juvenile convictions from the defendant's past aren't considered when calculating their criminal-history score—in other words, the conviction "decays." Kauer claims that a 2016 amendment to this statute, which took place a few months before his sentencing—but well after he committed the crime—should apply to his case. Under these amendments, he argues that his Colorado conviction decays.

Usually, the statute in effect at the time of a person's crime controls. *State v. Bailey*, 306 Kan. 393, 396, 394 P.3d 831 (2017). When Kauer committed the crimes in October 2014, K.S.A. 2014 Supp. 21-6810(d)(3)(B) said that all juvenile convictions for

3

an "offense which would constitute a person felony if committed by an adult" should be included in a criminal-history calculation. Assuming that Kauer's conviction was equivalent to a person felony in Kansas (something we discuss later in this opinion), then Kauer's juvenile conviction should be considered in his criminal-history score. See K.S.A. 2014 Supp. 21-6810, 21-6811(d)(1), (3).

But the legislature amended K.S.A. 21-6810 in 2016, just a few months before Kauer's sentencing. See L. 2016, ch. 97, § 1 (effective July 1, 2016). The amended statute stated:

> "[A] juvenile conviction will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the juvenile conviction is for an offense . . . committed on or after July 1, 1993, which would be a nondrug severity level 5 through 10 [person or nonperson] . . . if committed by an adult." K.S.A. 2016 Supp. 21-6810(d)(4).

That provision would apply to Kauer's case *if* it is to be applied retroactively in sentences for crimes committed before the statute's effective date. Kauer argues that the amendment does apply retroactively, so the district court shouldn't have considered his Colorado conviction. In support, Kauer points to a provision in the amended statute that reads, "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2016 Supp. 21-6810(e).

At this point, a brief review of the amendments to K.S.A. 21-6810 is helpful. The legislature first added retroactivity language to K.S.A. 21-6810 in 2015 as part of House Bill 2053, which mainly amended part of the statute about how to classify certain older, pre-1993 convictions in a defendant's criminal-history score. L. 2015, ch. 5, § 1. The added retroactivity language made the 2015 amendments themselves retroactive: "The amendments made to this section *by this act* are procedural in nature and shall be construed and applied retroactively." (Emphasis added.) K.S.A. 2015 Supp. 21-6810(e);

4

L. 2015, ch. 5, § 1. But in 2016, when the legislature made amendments about the decay of juvenile adjudications in House Bill 2463, it didn't amend the retroactivity language it had added the year before. See K.S.A. 2016 Supp. 21-6810(e); L. 2016, ch. 97, § 1.

This understandably caused some confusion—did the legislature intend for the decay-provision amendments to apply retroactively, or did it simply fail to change the retroactivity language from the year before? Our court has examined the statutory amendments closely in several cases. Each time, we have concluded that the legislature didn't intend the 2016 decay-provision amendments to apply retroactively (although through different analyses). *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *11-12 (Kan. App. 2017) (unpublished opinion); *State v. Villa*, No. 115,595, 2017 WL 3207087, at *2-5 (Kan. App. 2017) (unpublished opinion), *rev. granted* 307 Kan.___ (December 20, 2017); *State v. Riley*, No. 116,046, 2017 WL 1426208, at *1 (Kan. App. 2017) (unpublished opinion); *Parker v. State*, No. 115,267, 2017 WL 947821, at *4 (Kan. App.) (unpublished opinion), *rev. granted* 306 Kan. 1319 (2017). We note that the Legislature has tried to clarify the matter. In 2017, the Legislature amended the retroactivity provisions of K.S.A. 21-6810, limiting retroactivity only to the provision that had been added in 2015: "The amendments made to this section *by section 1 of chapter 5 of the 2015 Session Laws of Kansas* are procedural in nature and shall be construed and applied retroactively." (Emphasis added.) See L. 2017, ch. 92, § 5(e) (effective July 1, 2017).

We agree with our court's past decisions holding that the 2016 amendments don't apply retroactively. So the law in effect at the time of Kauer's current offense controls— K.S.A. 2014 Supp. 21-6810. Under that statute, the district court properly considered Kauer's prior Colorado juvenile conviction when it calculated his criminal-history score.

II. *The District Court Didn't Err by Classifying Kauer's Colorado Felony-Juvenile Conviction as a Person Felony.*

Kauer next argues that the district court wrongly calculated his criminal-history score by categorizing his 1996 Colorado felony-juvenile conviction as a person felony rather than a nonperson felony. If the court had classified his prior conviction as a nonperson felony, Kauer's criminal-history score would have been a G (rather than D), and he would have had a lesser presumptive sentence. See K.S.A. 2016 Supp. 21-6804(a); K.S.A. 2016 Supp. 21-6809.

Although Kauer didn't raise this issue in the district court and defendants are generally prohibited from raising issues for the first time on appeal, a defendant may challenge an illegal sentence at any time. K.S.A. 2017 Supp. 22-3504(1). Since a defendant's sentence hinges on the defendant's criminal history, the Kansas Supreme Court has held that if the criminal-history score is wrong, then the sentence does not comply with Kansas' sentencing statutes and is illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Thus, Kauer may challenge his criminal-history score for the first time on appeal.

Under the Kansas Sentencing Guidelines Act, a defendant's sentence is based on the severity of the current offense and the defendant's criminal-history score. See K.S.A. 2016 Supp. 21-6804(a), 21-6805(a). The severity level of the current offense is set by statute. The criminal-history score is based on the defendant's prior convictions— including juvenile and out-of-state convictions. See K.S.A. 2016 Supp. 21-6809.

The district court follows a two-step process when categorizing a defendant's prior conviction to calculate the defendant's criminal-history score. First, the court determines whether the prior conviction should be classified as a felony or a misdemeanor. K.S.A. 2016 Supp. 21-6811(e)(2). This is done by determining how the state of the prior

conviction—here, Colorado—classified the crime. K.S.A. 2016 Supp. 21-6811(e)(2). Here, both sides agree that Kauer's 1996 Colorado conviction was a felony under Colo. Rev. Stat. § 18-3-405.3 (1996).

Second, the court classifies the prior conviction as a person or nonperson crime. This classification requires the court to compare the prior-conviction statute to the "comparable offense" that was in effect in Kansas on the date the current crime was committed. K.S.A. 2016 Supp. 21-6811(e)(3). If there's no comparable offense in Kansas, the conviction must be classified as a nonperson crime. K.S.A. 2016 Supp. 21-6811(e)(3).

Kauer argues that under K.S.A. 21-6811(e)(3), "comparable" must mean "identical." So for his Colorado offense to be comparable to an offense in Kansas, the Colorado statute must have elements identical to (or narrower than) a Kansas statute. Kauer says if the elements from both statutes aren't identical, then comparing the crimes in order to increase his prison sentence runs afoul of three United States Supreme Court cases: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Mathis v. United States*, 579 U.S. ___, 195 L. Ed. 2d 604, 136 S. Ct. 2243 (2016).

The United States Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime . . . must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, a case interpreting a sentencing provision under a federal statute, the Court held that *Apprendi* was implicated when a trial court made findings of fact beyond the existence or elements of a prior conviction for the purpose of increasing a defendant's sentence for a current conviction. 570 U.S. at 260-64. Then the *Descamps* Court established two ways that a sentencing court can compare statutes to increase a defendant's sentence without running afoul of *Apprendi*—the categorical approach and the modified categorical approach. 570

7

U.S. at 260-64 The two approaches were approved by our Supreme Court in *Dickey*. See 301 Kan. at 1037-39.

The categorical approach applies when the statute is indivisible and only provides one way, and one set of elements, to commit a crime. In this situation, the sentencing court looks only at the statutory elements of the two offenses being compared. *Descamps*, 570 U.S. at 257; *Dickey*, 301 Kan. at 1037. The modified categorical approach is used when the prior conviction statute is divisible—meaning it provides alternative ways, each with different elements, to commit the crime. Under these circumstances, the sentencing court can look beyond the existence of a conviction to a limited set of documents, and the facts contained in those documents, to determine which set of statutory elements applies. *Descamps*, 570 U.S. at 257; *Dickey*, 301 Kan. at 1037-38. Then, in *Mathis*, the Court further clarified what type of statutes are divisible, thus allowing for an application of the modified categorical approach.

Kauer says that classifying his Colorado crime as a person offense violates *Apprendi*, *Descamps*, and *Mathis* because there's no Kansas offense with identical elements. But the constitutional violation to be avoided—having the trial judge make a factual finding beyond those made by a jury—simply doesn't come into play here. First, the Colorado statute for sexual assault of a child is not divisible since it provides only one set of elements constituting the crime. So a court doesn't have to apply the modified categorical approach—allowing the court to look beyond the elements of the crimes—as discussed in *Descamps* and *Mathis*. Instead, the court need only engage in the initial inquiry as to whether there is any comparable in-state statute for criminal-history purposes, which is a judgment call as to whether the two statutes set out comparable offenses. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014); *State v. Dubry*, No. 114,050, 2016 WL 4498520, at *4 (Kan. App. 2016) (unpublished opinion).

8

And to be comparable, those statutes don't have to have identical elements, they need only establish comparable crimes. *State v. Fahnert*, 54 Kan. App. 2d 45, Syl. ¶ 2, 396 P.3d 723 (2017). A statute is considered comparable to another if it is similar in nature and covers similar kinds of criminal conduct. *State v. Riolo*, 50 Kan. App. 2d 351, 356, 330 P.3d 1120 (2014).

So this court is left to determine simply whether there's any *comparable* Kansas offense to Colorado's sexual-assault-of-a-child offense. If there is, the analysis is simple: if the Kansas offense is a person crime, then the Colorado offense will be categorized as one too. See K.S.A. 2017 Supp. 21-6811(e)(3). If there isn't a comparable offense, the Colorado conviction will be classified as a nonperson crime. See K.S.A. 2017 Supp. 21-6811(e)(3).

In 1996 Kauer was convicted of sexually assaulting a child in Colorado under Colo. Rev. Stat. § 18-3-405.3 (1996), which stated:

> "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim." Colo. Rev. Stat. § 18-3-405.3 (1996).

Under Colo. Rev. Stat. § 18-3-401 (1996), sexual contact meant:

> "[T]he knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse." Colo. Rev. Stat. § 18-3-401 (1996).

Kauer and the State agree that the most likely comparable offense in Kansas is the crime of indecent liberties with a child—a *person* felony. K.S.A. 2014 Supp. 21-

5506(c)(1) (Emphasis added.) Indecent liberties with a child is the "lewd fondling or touching" of a child 14 to 16 years old:

> "(a) Indecent liberties with a child is engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:
>
> (1) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both . . . ." K.S.A. 2014 Supp. 21-5506.

Aggravated indecent liberties criminalizes the same acts involving a child under 14 years old. K.S.A. 2014 Supp. 21-5506(b)(3).

It's true that the Kansas statute is more age-specific than the Colorado statute. The Kansas indecent-liberties statute involves a victim 14 to 16 years old, and aggravated indecent liberties involves a victim under the age of 14, while the Colorado sexual-assault-of-a-child statute criminalizes sexual contact with any person under the age of 18. K.S.A. 2014 Supp. 21-5506; Colo. Rev. Stat. § 18-3-405.3 (1996). And as Kauer points out, the "sexual contact" prohibited in Kansas' child-sex crimes isn't identical to Colorado's sexual assault on a child. "Sexual contact" under the Colorado statute must involve touching of the private or intimate parts of the body, while the Kansas crime of indecent liberties more broadly prohibits any lewd touching. Colo. Rev. Stat. § 18-3-401; K.S.A. 2014 Supp. 21-5506.

But even though these crimes aren't identical, they are quite comparable. See *Riolo*, 50 Kan. App. 2d at 356 (finding 1986 Colorado conviction for sexual assault on a child comparable to Kansas offense of indecent liberties with a child for purposes of applying persistent-sex-offender rule). Both the Colorado and Kansas statutes punish physical contact in the form of sexual touching between children and adults. The

protected age groups are comparable, although not identical. Both statutes also require the sexual touching be purposefully directed at stimulating or satisfying sexual desires.

Kauer's Colorado offense is comparable to a Kansas person offense. And any common-sense review of the situation would suggest that this makes sense—sexual assault against a child is under any definition a crime against a person. The district court correctly classified his prior offense as a person felony.

We affirm the district court's judgment.