NOT DESIGNATED FOR PUBLICATION

No. 116,881

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN KAUER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Republic District Court; KIM W. CUDNEY, judge. Opinion filed May 18, 2018.
Sentence vacated and case remanded for resentencing.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Marlea J. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: We denied Justin Kauer's challenge to his sentence in an opinion
filed March 16, 2018. *State v. Kauer*, No. 116,881, 2018 WL 1352565 (Kan. App. 2018)
(unpublished opinion). Kauer asks us to reconsider his sentencing appeal—based on a
challenge to his criminal-history score—in light of three recent Kansas Supreme Court
decisions: *State v. Wetrich*, 307 Kan. 552,  Syl. ¶ 3, 412 P.3d 984 (2018), *State v. Moore*,
307 Kan. 599, Syl. ¶ 3, 412 P.3d 965 (2018), and *State v. Buell*, 307 Kan. 604, Syl. ¶ 3,
412 P.3d 1004 (2018). We granted Kauer's motion for rehearing so that we could
consider the effect of those decisions.

1

Now applying the identical-or-narrower test mandated by those decisions, we hold that Kauer's Colorado conviction for sexual assault of a child is not comparable to the Kansas offense of indecent liberties with a child. Accordingly, that prior conviction should have been classified as a nonperson felony. We reject a separate challenge from Kauer that his Colorado conviction shouldn't count at all (under the concept that it has "decayed"). We vacate Kauer's sentence and remand to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Justin Kauer pleaded no contest to two counts of sexual exploitation of a child. A presentence-investigation report showed that Kauer had a 1996 Colorado juvenile conviction for sexual assault of a child, which the district court classified as a person felony. As a result, the court calculated Kauer's criminal-history score as a D and gave Kauer a 55-month sentence based on this score and the severity of his current offenses.

We heard Kauer's appeal from sentencing as part of our February 2018 docket. On appeal, Kauer argued that (1) the district court should have classified his Colorado conviction as a nonperson offense because there's no comparable crime in Kansas, and (2) the district court shouldn't have counted his Colorado conviction in his criminal-history at all because it had "decayed."

Relying on *State v. Fahnert*, 54 Kan. App. 2d 45, Syl. ¶ 2, 396 P.3d 723 (2017), and *State v. Riolo*, 50 Kan. App. 2d 351, 356, 330 P.3d 1120 (2014), we determined that Kauer's Colorado offense was comparable to the Kansas offense of indecent liberties, a severity-level 5 person felony under K.S.A. 2014 Supp. 21-5506(c)(1). *Kauer*, 2018 WL 1352565, at *5. Because his Colorado conviction was comparable to indecent liberties in Kansas, we also determined that Kauer's conviction should not decay under Kansas' decay statute. K.S.A. 2014 Supp. 21-6810; *Kauer*, 2018 WL 1352565, at *3.

Although it had been prepared before the series of Kansas Supreme Court opinions we noted earlier, our initial opinion was not filed until March 16, one week after the Kansas Supreme Court had filed its opinions in *Wetrich*, *Moore*, and *Buell*, mandating that courts use the "identical or narrower test" when comparing out-of-state statutes for criminal-history purposes. Kauer appropriately moved for rehearing based on the new caselaw, and we granted his motion.

ANALYSIS

We now return to Kauer's argument that the district court wrongly categorized his Colorado conviction as a person felony rather than a nonperson felony. This time, of course, we will factor in the new caselaw.

Under the Kansas Sentencing Guidelines Act, a defendant's sentence is based on the severity of the current offense and the defendant's criminal-history score. See K.S.A. 2017 Supp. 21-6804(a), 21-6805(a). The severity level of the current offense is set by statute. The criminal-history score is based on the defendant's prior convictions, including juvenile and out-of-state convictions. See K.S.A. 2017 Supp. 21-6809; K.S.A. 2017 Supp. 21-6811(e).

The district court follows a two-step process when categorizing a defendant's prior conviction to calculate the defendant's criminal-history score. First, the court determines whether the prior conviction should be classified as a felony or a misdemeanor. K.S.A. 2017 Supp. 21-6811(e)(2). This part of our analysis does not change—Colorado classified Kauer's 1996 conviction as a felony, so we do too. K.S.A. 2017 Supp. 21-6811(e)(2). Indeed, both sides agree that Kauer's 1996 Colorado conviction was a felony under Colo. Rev. Stat. § 18-3-405.3 (1996).

3

The next step is to classify the defendant's out-of-state conviction as a person or nonperson offense. To do so, the district court compares the out-of-state offense to a comparable one in effect in Kansas on the date the current crime of conviction was committed. K.S.A. 2017 Supp. 21-6811(e)(3). If there's no comparable offense in Kansas, the conviction must be classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3).

On appeal, Kauer argued that "comparable" meant "identical"—in other words, his Colorado offense couldn't be compared to any Kansas crime because its elements weren't identical to or narrower than the elements of a Kansas offense. Relying on *Fahnert*, 54 Kan. App. 2d 45, Syl. ¶ 2, and *Riolo*, 50 Kan. App. 2d at 356, we said that crimes need only be comparable—not identical—and determined that Kauer's Colorado offense was comparable to the Kansas offense of indecent liberties, K.S.A. 2014 Supp. 21-5506(c)(1). *Kauer*, 2018 WL 1352565, at *5.

Our analysis must now be modified based on our Supreme Court's holdings in *Wetrich*, *Moore*, and *Buell*. In those cases, the court held that for an out-of-state conviction to be comparable to an offense in Kansas, the elements of the out-of-state crime must be identical to or narrower than the elements of the comparable Kansas crime. See, e.g., *Wetrich*, 307 Kan. 552, Syl. ¶ 3.

Kauer was convicted of sexually assaulting a child in Colorado under Colo. Rev. Stat. § 18-3-405.3 (1996), which stated:

> "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim."

Kauer and the State agreed that the most likely comparable offense in Kansas was indecent liberties with a child, a person felony under K.S.A. 2014 Supp. 21-5506(c)(1). Indecent liberties with a child is the "lewd fondling or touching" of a child 14 to 16 years old:

> "(a) Indecent liberties with a child is engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:
>
> (1) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both . . . " K.S.A. 2014 Supp. 21-5506.

Aggravated indecent liberties criminalizes the same acts involving a child under 14 years old. K.S.A. 2014 Supp. 21-5506(b)(3).

The elements of the Colorado crime aren't identical to or narrower than the elements of the Kansas crime. Indeed, the elements of the Colorado crime are *broader* than the elements of the Kansas crime. The Colorado sexual-assault-of-a-child statute criminalizes sexual contact with any person under the age of 18, but the Kansas indecent-liberties statute involves only victims 14 to 16 years old, and aggravated indecent liberties involves a victim under the age of 14. Kauer is correct that Kansas' indecent-liberties statute isn't "comparable" to Colorado's sexual-assault-of-a-child statute under the identical-or-narrower test. See, e.g., *Wetrich*, 307 Kan. 552, Syl. ¶ 3 ("[T]he elements of the out-of-state crime cannot be broader than the elements of the Kansas crime.") Because there is no comparable Kansas offense, Kauer's Colorado conviction must be classified as a nonperson crime. See K.S.A. 2017 Supp. 21-6811(e)(3).

On appeal, Kauer also argued that the district court shouldn't have counted his Colorado conviction in his criminal-history score at all. Under K.S.A. 21-6810, a court should not count some crimes in a defendant's criminal-history score—in other words, the

5

conviction "decays" after a certain time and is no longer considered. There was some dispute on appeal between Kauer and the State as to which version of the decay statute should apply—the 2014 version from the year of Kauer's sentencing or the 2016 amended version, which Kauer argued should apply retroactively to his case. We determined that the legislature didn't intend for the 2016 amendments to apply retroactively and that K.S.A. 2014 Supp. 21-6810 controlled in Kauer's case. 2018 WL 1352565, at *3. Under the 2014 version of the decay statute, Kauer's Colorado conviction—which we said was comparable to a severity-level 5 person felony—didn't decay. 2018 WL 1352565, at *3.

But our analysis changes now that we've determined that Kauer's Colorado conviction should be classified as a nonperson felony instead of a severity-level 5 person felony. Under Kansas' decay statute, a prior out-of-state conviction decays or doesn't decay based on the classification and severity level of its comparable Kansas crime. Under the decay statute in effect in 2014, convictions comparable to nondrug severity-level 1–5 felonies didn't decay, but convictions comparable to nondrug severity-level 6– 10 did decay. K.S.A. 2014 Supp. 21-6810(d)(3)(D), (d)(4)(B). But Kauer's Colorado conviction must be classified as a nonperson felony, and since it's not comparable to a Kansas offense, we can't assign a severity level to it.

Kauer says that the decay statute doesn't tell us what to do with nonperson felonies like his. He claims that, because the decay statute doesn't provide a mechanism to determine whether his conviction decays, the rule of lenity requires us to interpret the statute in his favor and find that his conviction decays. But the statute simply doesn't provide us that authority. Instead, a separate provision of the decay statute tells us that Kauer's conviction, an unclassified nonperson felony, should be counted in his criminal-history: "Unless otherwise provided by law, unclassified felonies and misdemeanors, shall be considered and scored as nonperson crimes for the purpose of determining criminal history." K.S.A. 2014 Supp. 21-6810(d)(6). Under that provision, Kauer's

6

Colorado conviction doesn't decay and should be included in the calculation of his criminal-history score.

In sum, we hold that Kauer's Colorado conviction for sexual assault of a child is not comparable to the Kansas offense of indecent liberties with a child. Accordingly, that prior conviction should have been classified as a nonperson felony. But the Colorado conviction doesn't decay and should be considered when calculating Kauer's criminal-history score.

We vacate Kauer's sentence and remand to the district court for resentencing.