NOT DESIGNATED FOR PUBLICATION

No. 118,901

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WARREN A. LACEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion on remand filed October 11, 2019. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: This case returns to us upon remand from the Kansas Supreme Court. We must determine whether the district court correctly calculated Warren A. Lacey's criminal history score at sentencing. We find that the recent case of *State v. Newton*, 309 Kan. 1070, 442 P.3d 489 (2019), controls here and demands we affirm the sentence imposed by the district court.

1

Lacey was sentenced to a prison term for violating the Kansas Offender Registration Act on October 18, 2015. He was placed on probation, but subsequently the district court revoked his probation.

After his probation was revoked, Lacey appealed the revocation. He also argued that his underlying sentence was illegal because the district court incorrectly calculated his criminal history score. This court agreed, holding that the district court misclassified Lacey's 1983 California conviction for robbery as a person felony. *State v. Lacey*, No. 118,901, 2018 WL 6253335, at *2-3 (Kan. App. 2018) (unpublished opinion), *rev. granted* September 11, 2019. The court reasoned that the elements of the California conviction were broader than the most similar Kansas crime and that the crimes were not comparable under *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). *Lacey*, 2018 WL 6253335, at *2-3.

Subsequently, the Kansas Supreme Court published *State v. Weber*, 309 Kan. 1203, Syl. ¶ 3, 442 P.3d 1044 (2019), where the court held that the legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced and that a sentence that was legal at the time of sentencing does not become illegal if the law later changes. Given the holding in *Weber*, the test for comparability set out in *Wetrich* would not apply to Lacey's case. This case was remanded to us for reconsideration of whether Lacey's sentence was illegal in light of *Weber*.

ANALYSIS

"Classification of prior offenses for criminal history purposes involves interpretation of the KSGA [Kansas Sentencing Guidelines Act]; statutory interpretation is a question of law subject to unlimited review." *Wetrich*, 307 Kan. at 555.

As the Kansas Supreme Court held in *Weber*, we must use the law in effect at the time Lacey was sentenced to determine whether Lacey's sentence was illegal at sentencing. See *Weber*, 309 Kan. 1203, Syl. ¶ 3. The Kansas Supreme Court issued its opinion in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), just a few months before Lacey was sentenced. *Keel* addressed, in part, what two crimes to compare when determining whether an out-of-state conviction was comparable to a similar Kansas crime. The court in *Keel* held "the classification of a prior conviction . . . for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." 302 Kan. 560, Syl. ¶ 9. In essence, we must compare Lacey's 1983 California robbery conviction with the Kansas crime of robbery as it was defined in 2015. See 302 Kan. 560, Syl. ¶ 9.

When making the comparison, we apply the rule set out in *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), which requires the offenses to be "comparable, not identical." See *Keel*, 302 Kan. at 589-90 (applying *Vandervort* classification rule). This court has explained that offenses may be comparable 'even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute." *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014).

Thus the question is whether Lacey's 1983 California robbery conviction is comparable to a Kansas robbery in 2015 using the "comparable, not identical" rule. See *Keel*, 302 Kan. 560, Syl. ¶ 9, 589-90; *Vandervort*, 276 Kan. at 179.

In 1983, California defined robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211 (West 1983). "Fear" was defined as:

"1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,
"2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212 (West 1983).

Kansas defines robbery and aggravated robbery as:

"(a) Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person.
"(b) Aggravated robbery is robbery, as defined in subsection (a), when committed by a person who:
(1) Is armed with a dangerous weapon; or
(2) inflicts bodily harm upon any person in the course of such robbery." K.S.A. 2015 Supp. 21-5420(a)-(b).

Robbery and aggravated robbery are person felonies. K.S.A. 2015 Supp. 21-5420(c).

The major difference between the two statutes is that in California a person can commit robbery by threatening to injure the property of the person robbed or of anyone in the company of the person robbed. Kansas' statute does not have a threat to property component.

This court addressed a similar argument in *State v. Newton*, No. 116,098, 2017 WL 3113025, at *2 (Kan. App. 2017) (unpublished opinion), *aff'd* 309 Kan. 1070, 442

4

P.3d 489 (2019), holding that Newton's 1977 California conviction for robbery was properly scored as a person offense. The statutory language in *Newton* and this case are the same. See K.S.A. 2018 Supp. 21-5420; Cal. Penal Code §§ 211, 212 (West 1983). This court reasoned that the "broader language of the California statute makes no difference" because the crimes only needed to be "'similar in nature'" as opposed to identical. 2017 WL 3113025, at *2.

The Kansas Supreme Court affirmed this court's holding in *Newton*, finding that "Newton's 1977 California robbery conviction was properly classified as a person felony under our caselaw." *Newton*, 309 Kan. at 1071.

As in *Newton*, because robbery was classified as a person felony in Kansas when Lacey committed his current crime of conviction, the district court correctly classified his 1983 California conviction for robbery as a person felony. See *Newton*, 309 Kan. at 1073.

Affirmed.