NOT DESIGNATED FOR PUBLICATION

No. 121,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLENDON G. LOUIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed April 10, 2020. Affirmed.

*James L. Spies*, of Law Office of James L. Spies, P.A., of Kansas City, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM: Glendon G. Louis appeals the district court's denial of his motion to correct an illegal sentence. Presumptive sentences for most Kansas crimes are partially based on the extent of a defendant's past crimes—summarized in a criminal-history score ranging from A, the most serious, to I, the least serious. Louis argues that he got a longer sentence than he should have because the district court mistakenly calculated his criminal-history score when it treated his California "assault with a firearm on person" conviction as a prior person crime.

A Kansas aggravated assault counts as a person offense, as does an out-of-state aggravated assault conviction that's comparable to the Kansas statute. Louis argues that his California conviction can't be counted as a person crime because the California statute is broader than the Kansas aggravated-assault statute. But the sentencing rules in effect when Louis was sentenced provided that out-of-state crimes only be comparable, not identical, to a Kansas person crime to be scored that way. We have reviewed the applicable Kansas and California statutes; they prohibit similar conduct, making them comparable for sentencing purposes under the law in effect when Louis' sentence was finalized.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Glendon G. Louis of two counts of aggravated robbery, one count of robbery, one count of theft, and one count of possession of cocaine—offenses committed in 2006. A presentence investigation showed two prior convictions: a Florida conviction for second-degree lewd or lascivious battery and a California conviction for "assault with firearm on person." The report classified these convictions as person felonies, and, based on that, the court gave Louis a criminal-history score of B. Louis did not object to the classification of these crimes or to his criminal-history score at sentencing. Based on Louis' convictions and criminal-history score, the court sentenced Louis in January 2008 to 317 months in prison and 12 months in county jail.

Louis appealed, and this court affirmed the district court in May 2010. *State v. Louis*, No. 100,530, 2010 WL 1882141, at *7 (Kan. App. 2010) (unpublished opinion). In June 2014, Louis moved to correct an illegal sentence without the help of an attorney; he later refiled that motion with an attorney in November 2014. Relying on *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014) *(Murdock I)*, Louis argued that he had committed his out-of-state crime before Kansas had enacted the Kansas Sentencing Guidelines Act, so the California crime should have been classified as a nonperson

2

offense. But the Kansas Supreme Court overruled *Murdock I* in *State v. Keel*, 302 Kan. 560, 563-64, 357 P.3d 251 (2015), undercutting Louis' argument. The district court denied Louis' motion. Louis appealed without the help of an attorney in September 2015. He appealed again through an attorney but later changed counsel twice, delays that help explain why we are only now in position to rule on his appeal.

ANALYSIS

Louis challenges the district court's denial of his motion to correct an illegal sentence. He argues his 1993 California conviction for "assault with firearm on person" was improperly scored as a person crime, resulting in a higher criminal-history score and longer sentence following his 2006 Kansas convictions.

Under the statute in place when Louis filed his motion, the district court had the authority to "correct an illegal sentence at any time." K.S.A. 22-3504(a). Classification of a defendant's prior crimes to determine his or her criminal-history score involves interpretation of the Kansas Sentencing Guidelines Act. The interpretation of a statute is a question of law over which this court has unlimited review, meaning this court gives no required deference to the district court's conclusions. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Under the Kansas Sentencing Guidelines Act, a defendant's sentence is based on the severity of the current offense and the defendant's criminal-history score. See K.S.A. 2019 Supp. 21-6804(d). A defendant's criminal-history score is based on the defendant's prior convictions, including any out-of-state convictions revealed in a presentence investigation. See K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6811(e).

Prior out-of-state convictions must be classified as felony or misdemeanor offenses and person or nonperson crimes. K.S.A. 2019 Supp. 21-6811(e). The

classification of prior out-of-state convictions heavily influences the defendant's criminal-history score. Because the presentence investigation labeled two of Louis' prior out-of-state convictions as person felonies, Louis received a criminal-history score of B. K.S.A. 2019 Supp. 21-6809. But Louis argues on appeal that the 1993 California conviction should have been scored as a nonperson felony. That would have given Louis a criminal history of C and a lesser presumptive sentence under the guidelines.

Louis only challenges the classification of his 1993 California conviction for "assault with firearm on person" as a person offense. There's no dispute about whether Louis' 1993 California conviction was a felony, so the next step is to classify the defendant's out-of-state conviction as a person or nonperson offense. To do this, the district court compares the out-of-state conviction to a comparable Kansas statute in effect on the date the defendant committed the current crime of conviction. K.S.A. 2019 Supp. 21-6811(e)(3). If there's no comparable offense in Kansas, the conviction must be classified as a nonperson crime. K.S.A. 2019 Supp. 21-6811(e)(3).

In 2018, the Kansas Supreme Court adopted a new test for determining whether a statute is comparable: "[T]he elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime." *Wetrich*, 307 Kan. 552, Syl. ¶ 3. But *Wetrich*'s "identical-or-narrower" comparability test does not apply to Louis' 2008 sentencing. The *Wetrich* test applies only to sentences finalized after *Wetrich* was decided or cases that were on direct appeal when *Wetrich* was decided. See K.S.A. 2019 Supp. 22-3504(c)(1) ("A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."); *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (holding that *Wetrich* was a "change in the law"); *State v. Williams*, __ Kan. __, 456 P.3d 540, 546-47 (2020) (applying *Wetrich* when a direct appeal was pending when *Wetrich* was decided).

*Wetrich* doesn't apply here. The court sentenced Louis in 2008 and this court affirmed his convictions in 2010, well before *Wetrich* was decided in 2018. He is appealing the district court's later decision to deny his motion to correct an illegal sentence, first filed in 2014, and "a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced." *State v. Murdock (Murdock II)*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019).

So we must apply sentencing rules as they stood before *Wetrich*. At that time, Kansas courts applied a more lenient comparability standard. An out-of-state offense was comparable to a Kansas offense if both prohibited similar conduct; the elements of both crimes didn't have to be identical. See, e.g., *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014); *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010). In *State v. Vandervort*, the Kansas Supreme Court suggested that the Kansas crime with the "closest approximation" to the out-of-state crime was a comparable offense. *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

Both Louis and the State identify Cal. Pen. Code § 245(a) (West 1993), assault with a deadly weapon or by force likely to produce great bodily injury, as the applicable California statute. The State cites subsection 245(a)(2), which prohibits an "assault upon the person of another with a firearm." Cal. Pen. Code § 245(a)(2). But Louis focuses on subsection 245(a)(1), a much broader part of the statute. It prohibits an "assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury." Cal. Pen. Code § 245(a)(1). The 1993 California assault statute defines assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Pen. Code § 240 (West 1993).

Both parties agree that the California statute should be compared to Kansas aggravated assault. K.S.A. 2006 Supp. 21-3410. A Kansas aggravated assault is "an assault . . . committed: (a) with a deadly weapon; (b) while disguised in any manner designed to conceal identity; or (c) with intent to commit any felony." K.S.A. 2006 Supp. 21-3410. "Assault" means "intentionally placing another person in reasonable apprehension of immediate bodily harm." K.S.A. 2006 Supp. 21-3408.

To figure out whether the proper comparison is to subsection 245(a)(1) or 245(a)(2) in the California statute, we turn to Louis' presentence-investigation report. It classified Louis' California offense as "assault with firearm on person." That crime would fall under the assault-with-a-firearm subsection, (a)(2). It would not fall within the assault-with-a-deadly-weapon subsection, (a)(1), because items other than firearms are included there. See Cal. Pen. Code § 245(a).

When we compare California's assault-with-a-firearm offense to the Kansas assault with a deadly weapon, we find them comparable. Both statutes criminalize assaults with the use of a deadly weapon. See *State v. Kershaw*, 302 Kan. 772, 772, 359 P.3d 52 (2015) (treating an assault with a firearm as an assault with a deadly weapon). "Assault" is defined similarly in both states, requiring an intent to act and some act of placing someone in danger or attempting to commit injury. Cal. Pen. Code § 240; K.S.A. 2006 Supp. 21-3408; see *People v. Williams*, 26 Cal. 4th 779, 789-90, 29 P.3d 197, 111 Cal. Rptr. 2d 114 (2001). The attendant circumstances differ slightly. In California, the attacker must have had the "present ability to commit a violent injury"—an objective question. Cal. Pen. Code § 240; *People v. Licas*, 41 Cal. 4th 362, 369, 60 Cal. Rptr. 3d 31, 159 P.3d 507 (2007). In Kansas, the victim must have been in "reasonable apprehension" of immediate bodily harm. That language contains both a subjective and objective element. *State v. Angle*, No. 116,152, 2017 WL 4216161, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 988 (2018).

6

But it's not a deal-breaker that these statutes contain some different language and slightly different elements. Under pre-*Wetrich* law, statutes could be comparable even though they contained different elements. See *Vandervort*, 276 Kan. at 178-79 (holding that a Virginia conviction for taking indecent liberties with a child was comparable to the Kansas statute prohibiting lewd and lascivious behavior though the Virginia statute was broader). Cf. *Barajas*, 43 Kan. App. 2d at 643-48 (holding that a California felony of DUI causing bodily injury was not comparable to a Kansas aggravated battery because the statutes were in different codes, had differing purposes, and only one element in common). Here, the California and Kansas offenses were comparable because they shared many of the same elements and sought to prevent similar conduct—attempting to injure or placing someone in danger using a deadly weapon.

Louis argues for a different comparison. Instead of using his prior conviction as the starting point, Louis starts with the Kansas statute. If Louis assaulted someone with a firearm in Kansas in 2006, he would have committed aggravated assault—assault with a deadly weapon. K.S.A. 2006 Supp. 21-3410. From there, Louis compares the Kansas subsection for assault with a deadly weapon to the California subsection of assault with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury.

Louis argues that the California offense is broader than the Kansas offense because a beer bottle could be a deadly weapon in California but not in Kansas. Even if this were the proper subsection for comparison, this argument is unpersuasive. The touchstone for determining comparability is whether the statutes prohibit similar conduct—the out-of-state statute doesn't need to be identical or narrower. See *Vandervort*, 276 Kan. at 178-79 (rejecting defendant's argument that the out-of-state offense was not comparable to the Kansas offense because the out-of-state offense was broader). Without citing it, Louis is trying to strong-arm *Wetrich* into the analysis. We cannot do so. See *Murock II*, 309 Kan. at 591.

7

We conclude that a Kansas aggravated assault was the "closest approximation" to a California assault with a firearm. Those offenses are comparable because they had similar elements and prohibit similar conduct. Louis' prior conviction for "assault with firearm on person" was properly classified as a person felony and Louis properly received a criminal-history score of B. His sentence was legal when pronounced, so the district court properly denied Louis' motion to correct an illegal sentence.

We affirm the district court's judgment.