NOT DESIGNATED FOR PUBLICATION

No. 125,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE D. DUNERWAY JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Submitted without oral argument. Opinion filed August 16, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., MALONE and WARNER, JJ.

PER CURIAM: About a decade ago, Jesse Dunerway Jr. was sentenced to 554 months in prison for several crimes in Wichita. He later filed a motion to correct an illegal sentence, claiming this sentence was illegal because it was based on a conclusion—which Dunerway asserted was incorrect—that a previous assault conviction from California should be treated as a person felony when assessing his criminal history. The district court did not find this argument persuasive and denied Dunerway's motion. We affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury found Dunerway guilty of aggravated kidnapping, aggravated burglary, criminal threat, and two counts of aggravated battery. After the trial, the State prepared a presentence investigation report to summarize Dunerway's previous convictions and calculate his presumptive sentence under the Kansas Sentencing Guidelines. Dunerway had been convicted of felony assault in California in 1993, a crime the report classified as a person felony under Kansas law. Based in part on this classification, the report calculated Dunerway's criminal-history score as B. The report also included a 1996 person felony for aggravated battery and six nonperson felonies.

Dunerway's case proceeded to sentencing. At the sentencing hearing, no one objected to the report's characterization of Dunerway's criminal history, its description of the California assault conviction, or its calculation of Dunerway's criminal-history score. The district court sentenced Dunerway to 554 months' imprisonment and 36 months' postrelease supervision based on his criminal-history score of B. Dunerway appealed, and this court affirmed his convictions and sentence. *State v. Dunerway*, No. 111,457, 2015 WL 5224703 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2016).

In May 2021, Dunerway filed a pro se motion to correct an illegal sentence, which is the subject of this appeal. He argued that his California assault conviction should have been categorized as a nonperson felony instead of a person felony, thereby decreasing his criminal-history score from B to C and reducing the length of his sentence. Dunerway argued that the presentence investigation report had based its criminal-history assessment on the wrong legal standard; he asserted the comparability test from *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), should have retroactively applied to determine whether the California conviction should have been categorized as a person or nonperson felony.

2

The district court appointed an attorney to represent Dunerway on this motion and held a hearing. Dunerway argued that his California conviction should have been classified as a nonperson felony under the *Wetrich* framework. The State argued that *Wetrich* did not apply because that case was decided four years after Dunerway was sentenced and two years after Dunerway's direct appeal concluded. The State asserted that under the comparable-offense analysis that controlled Dunerway's sentence, his California assault conviction was properly categorized as a person offense because it was similar to the Kansas person crimes of aggravated battery and aggravated assault. K.S.A. 2012 Supp. 21-5413(h)(2) (aggravated battery is a person felony); K.S.A. 2012 Supp. 21-5412(e)(2) (aggravated assault is a person felony). The State also pointed out that Dunerway's presentence investigation report classified his conviction of criminal threat as a sentencing enhancement rather than scoring it independently. So Dunerway's criminal-history score was B—if not A—regardless of how the California offense was classified.

The district court denied Dunerway's motion, ruling that *Wetrich* did not apply and finding that Dunerway's sentence was legally sound.

DISCUSSION

Dunerway raises one argument on appeal—again asserting that the Kansas Supreme Court's analysis in *Wetrich* should be used to assess whether his California assault conviction should be treated as a person felony when calculating his criminal history. As the district court found in rejecting this claim, the *Wetrich* analysis does not apply to Dunerway's sentence.

Dunerway argues that his sentence is illegal because it was based on what he believes was a misclassification of his previous California assault conviction, resulting in an incorrect criminal-history score and sentencing range. Kansas courts have held that a motion to correct an illegal sentence under K.S.A. 22-3504 is the proper vehicle to

3

challenge a sentencing court's classification of a conviction as a person felony when scoring criminal history. *State v. Vasquez*, 52 Kan. App. 2d 708, 717, 371 P.3d 946 (2016), *rev. denied* 305 Kan. 1257 (2017). Though Dunerway was sentenced for his crimes over a decade ago, a motion to correct an illegal sentence may be brought at any time while the defendant is serving that sentence. K.S.A. 22-3504(a). The legality of a sentence is a question of law based on our interpretation of the Kansas Sentencing Guidelines—a question we approach de novo on appeal. *State v. Samuel*, 309 Kan. 155, 157, 432 P.3d 666 (2019); see *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

The Guidelines use a combination of a defendant's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for those crimes. See K.S.A. 2012 Supp. 21-6804 (providing the presumptive sentences for nondrug crimes applicable at the time Dunerway committed his offenses). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions, including convictions from other states. See K.S.A. 2012 Supp. 21-6810(c), (d); K.S.A. 2012 Supp. 21-6811(e).

Courts seeking to classify out-of-state crimes for criminal-history purposes follow two general steps:

- Courts first determine whether the out-of-state crime is a felony or misdemeanor. If the crime is a felony in the state of conviction, it is treated as a felony in Kansas. K.S.A. 2012 Supp. 21-6811(e); K.S.A. 21-6811(e)(2).

- Courts next determine whether the out-of-state crime is a person or nonperson offense. This requires an assessment as to whether there are any "comparable offenses" under Kansas law. K.S.A. 2012 Supp. 21-6811(e); K.S.A. 21-6811(e)(3)(A). Out-of-state crimes that are comparable to Kansas person crimes are categorized as person offenses for criminal-history purposes. Other crimes,

including those that are not comparable to any Kansas crimes, are classified as nonperson offenses. K.S.A. 2012 Supp. 21-6811(e); K.S.A. 21-6811(e)(3)(A).

When Dunerway committed his offenses in March 2013, Kansas courts categorized previous out-of-state convictions as person or nonperson offenses by comparing the out-of-state statute to the comparable offense in effect in Kansas on the date the current crime was committed. See *State v. Weber*, 309 Kan. 1203, 1206, 442 P.3d 1044 (2019); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (concluding that under the predecessor statute to K.S.A. 21-6811, "the offenses need only be comparable, not identical" for criminal-history purposes). Under this analysis, offenses were comparable "if the statutes [were] similar in nature and cover[ed] similar conduct *even if worded differently*." *State v. Maudlin*, No. 104,062, 2011 WL 5143041, at *1 (Kan. App. 2011) (unpublished opinion) (citing *State v. Schultz*, 22 Kan. App. 2d 60, Syl. ¶ 1, 911 P.2d 1119 [1996]), *abrogated by State v. Rodriguez*, 305 Kan. 1139, 390 P.3d 903 (2017). In essence, a comparable Kansas offense was merely the "closest approximation" to the out-of-state crime. *Vandervort*, 276 Kan. at 179.

The process for categorizing out-of-state convictions changed after *Wetrich*. There, the Kansas Supreme Court held that "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced" for the crime to be considered comparable for purposes of criminal history. *Wetrich*, 307 Kan. at 562. This meant that if an element of the out-of-state crime was broader than any element of the Kansas crime, the crimes were not comparable, and the out-of-state crime had to be classified as a nonperson offense. *State v. Obregon*, 309 Kan. 1267, 1271, 444 P.3d 331 (2019) (citing *Wetrich*, 307 Kan. 552, Syl. ¶ 3). In 2019, the Kansas Legislature rejected the *Wetrich* approach and adopted a different framework for calculating criminal history for out-of-state felonies. See K.S.A. 21-6811(e)(3)(B).

Dunerway's sole argument on appeal is that we should analyze his previous conviction using the Kansas Supreme Court's interpretation of comparability in *Wetrich*. But *Wetrich* was decided in 2018, more than two years after Dunerway's direct appeal became final and four years after he was sentenced. Kansas courts have consistently held that the legality of a sentence is determined from the law in effect when the sentence was pronounced. See *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019); see also *State v. Newton*, 309 Kan. 1070, 1073-74, 442 P.3d 489 (2019) (defendant sentenced pre-*Wetrich* cannot rely on *Wetrich* in motion to correct an illegal sentence). Thus, the *Wetrich* framework does not apply.

Dunerway does not contest the district court's conclusion that Dunerway's California assault conviction was properly categorized as a person felony under the pre-*Wetrich* comparability analysis. Indeed, Dunerway stipulated that he committed the offense by trying to pull a woman out of a vehicle by her leg and striking her in the face with his hand. Under the analysis in place when Dunerway committed his most recent offenses, we have no difficulty in concluding that his California crime was comparable to a Kansas person felony—whether aggravated assault, as the presentence investigation report indicated, or aggravated battery, as the district court found. See K.S.A. 2012 Supp. 21-5412(b)(3), (e)(2) (aggravated assault); K.S.A. 2012 Supp. 21-5413(b)(1)(C), (h)(2)(B) (aggravated battery). The sentencing court did not err in treating his California assault conviction as a person felony when determining his criminal-history score.

Dunerway has not shown any error in the district court's denial of his motion to correct an illegal sentence. We affirm the district court's decision.

Affirmed.